#### IN THE

## SUPERIOR COURT OF JUDICATURE.

##### FOR THE

## COUNTY OF ROCKINGHAM, SEPTEMBER TERM,

### A. D. 1828.

---

## GEORGE BARKER *versus* LEVI CLARK.

The owner of three closes, A B and C, had a way by which he used to pass between the closes A and B, through the close C ; he afterwards conveyed the two closes A and B, with their appurtenances—it was held that the way through the close C, did not pass.

Proof that the people in the neighborhood have long been accustomed to pass in a certain way through the close without showing that the way has been thrown open by the owner of the close, or made, or repaired by the public, is not sufficient to establish the existence of a public highway.

A claimed a right of way, founded on an uninterrupted use of the same for more than twenty years, through the close of B—it was held to be competent evidence to rebut the presumption of a grant from the use, that B had within the twenty years ploughed up the way, declaring that A had no right, although A was not present when the declaration was made.

TRESPASS for breaking and entering the plaintiff's close in Stratham. The defendant pleaded in bar, first, a

public highway through the *locus in quo* ; secondly, a private way through the same, and issues were joined on these ways.

The cause was tried here at September term, 1827, when the defendant, in order to show that there was a public highway through the close, offered to prove that people in the neighborhood and others had long been accustomed to pass through the close, not only on foot, but with teams ; but as he did not offer to show that a way had ever been opened, or made, or repaired as a highway, the court rejected the evidence, as in law, insufficient to prove the existence of a highway.

It appeared in evidence, that Moses Clark being seized of the closes A B and C, situated as marked on the plan below, and there being a way which had been commonly used to pass from the close A, to the close B, which way is marked on the said plan c—d, conveyed the closes A and B, with their appurtenances, to the defendant, who contended at the trial, that the way through the close C, which was the close described in the plaintiff's declaration, passed by that conveyance to the defendant as appurtenant to the two other closes, but the court ruled that the said way did not pass by that conveyance.

The defendant endeavored to show an uninterrupted use of the way marked on the plan c—d to pass from

close A, to the close B for more than twenty years ; and to shew that the use had not been uninterrupted the plaintiff proved that within twenty years, Moses Clark being the owner of the close marked C, on the plan, ploughed up the way declaring that the owner of the closes A and B had no right of way there. But it did not appear that this declaration was made to the owner of the said closes A and B.

To the admission of this declaration in evidence the defendant objected, but the court overruled the objection.

The jury having returned a verdict for the plaintiff, the defendant moved the court to grant a new trial upon the foregoing case.

*Tilton* and *Mason*, for the plaintiff.

*Woodbury*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court. One of the questions to be decided in this case, is, whether the grant by Moses Clark, of two of his closes with their appurtenances, passed a way through another close belonging to him, and which had been used to pass from one of the granted closes to the other ?

This question is believed to be well settled. There is no doubt, that when one man has a right of way through the close of another, which right of way is appurtenant to his land, a grant of his land with its appurtenances will pass the right of way. But a man cannot have a right of way through his own land, independent of his right to the land. Moses Clark may have had a way through the *locus in quo*. But his right to it was not an easement. There was no existing easement.

The question, then, is, whether by a grant of two lots with their appurtenances, a new easement in a third lot can be created ? It seems to be well settled, that by the word appurtenances, existing easements alone can pass. 1 B. & P. 371, *Whalley* v. *Tompson* ; 3 Taunt. 24,

*Morris* v. *Edgington* ; 1 ditto, 206, *Clements* v. *Lambert* ; 5 ditto, 311, *Buckley* v. *Coles* ; Latch, 153, *Surrey* v. *Piggot* ; 5 B. & A. 830, *Kooystra* v. *Lucas* ; Cro. Eliz. 570, *Bradshaw* v. *Eyr* ; ditto, 794, *Werledge* v. *Kingswell* ; Moor, 467, *Saundys* v. *Oliff.*

A way through the *locus in quo* might have been granted by the use of proper terms. Thus, if the two closes granted by Moses Clark, had been granted with all ways commonly used with them, a new right of way through the *locus in quo* might have been created and passed. But the word appurtenances, is clearly not sufficient for this purpose.

We are therefore of opinion, that no right of way through the close in question, passed by Moses Clark's grant.

Another question in this case, is, whether the evidence offered by the defendant was sufficient to show the existence of a highway through the *locus in quo* ?

We entertain no doubt, that a highway may be proved by long usage. But a way to become public, must be used in such a manner as to show that the public accommodation requires it to be a highway, and that it is the intention of the owner of the land to dedicate the way to the public. 3 N. H. Rep. 335, *Pritchard* v. *Atkinson* ; 2 ditto, 513, *The State* v. *Campton.*

In this case, there was no evidence that the road was ever opened, or made or repaired. There was no attempt to offer any evidence which showed an intention in the owner of the land to dedicate the way to the public, or that the public convenience required the way.

And we are clearly of opinion, that the evidence was properly rejected as wholly insufficient to prove a highway.

One other question is, whether the declarations of Moses Clark, denying the right of way through the *locus in quo*, were, under the circumstances, admissible in evi-

dence ? To settle this question, it is only necessary to state the purpose for which this evidence was introduced.

The defendant attempted to show an uninterrupted use of the way for more than twenty years. To meet this evidence, the plaintiff showed that the owner of the close had ploughed up the way, denying the right of way. This evidence comes within the rule laid down in *Downs* v. *Lyman*, 3 N. H. Rep, 486, "that where it is necessary in the course of a cause to enquire into the nature of a particular act, and the intention of the person who did the act, proof of what the person said at the time of doing it, is admissible in evidence for the purpose of showing its true character.

The declarations of Moses Clark were admissible, to show that his act was adverse to all claims of right on the part of others to the way.