## Brown *v.* Manter.

The technical meaning of the word *premises* in a deed, is all that precedes the habendum.

The office of the habendum is not to grant the estate, but only to limit its certainty.

Nothing can be limited in the habendum, which has not been given in the premises.

Brown *v.* Manter.

An instrument, containing a description of land in the premises, but no words of grant whatever, and containing also an habendum, is void as a conveyance of the land, so far as it regards the operative power of the habendum and the premises.

An instrument, under seal, contained the names of the covenantor and of the covenantees, a description of land, and a covenant that the covenantor and her heirs would warrant the land to the covenantees, their heirs, and assigns, against all persons claiming under her, &c., but it contained no grant of the land. *Held*, that though the instrument was void as a conveyance of the land for the want of a grant, yet that the covenant would operate as an estoppel by way of rebutter to prevent circuity of action, and would prevent the covenantor from setting up a title to the land.

TRESPASS, *quare clausum fregit*. On the trial in the Court of Common Pleas, the plaintiff offered evidence of his title to the premises, under the general issue, and it was then agreed by the parties that the *locus in quo* was part of lot No. 63, in the second part of the second division of lots in Chester, laid out to the original right of Philemon Blake. The defendant then introduced a copy of a deed from Blake to Benjamin Hills, dated on the 14th day of April, 1725, including the premises, and, also, copies of various intermediate conveyances between that year and the year 1773, at which time the title to the land appeared to be in Benjamin Pierce and Samuel Pierce, Jr. By the will of Samuel Pierce, proved on the 16th of December, 1817, an interest in the premises was devised to his wife Hannah, and on the 3d day of March, 1823, she then being the widow of one Nichols, made an instrument purporting to be a conveyance of all her right and title to the land to Silas Sweet and Lemuel Call. This instrument was as follows : " Know all persons, &c., that I, Hannah Nichols, &c., in consideration of the sum of one hundred dollars paid to me by Silas Sweet, &c., their heirs and assigns forever, all the right, title I have to a certain piece of land (describing it.) To have and to hold the premises to them the said Silas and Lemuel, their heirs and assigns forever, hereby engaging to warrant the same to them and their heirs and assigns against all persons claiming by, from, or under me, my heirs and assigns."

The instrument containing in the premises no words of grant, the Court ruled that it conveyed no interest, and excluded it.

44*

A verdict was thereupon taken for the plaintiff, upon which judg-ment was to be rendered; or it was to be set aside and a new trial granted, as the opinion of this Court should be upon the ruling.

*Pillsbury*, for the plaintiff.

*Porter*, for the defendant.

A deed of land must contain apt words to signify the meaning and intent of the parties, and if there be such words in it, no matter in what order or form they appear, the deed will be valid and effectual in law to carry out the intention of the parties. It is enough if the parties make known their intent, complying always with the requisitions of the statute, as to signing, seal-ing, &c.

The question here is not a matter of correctness in the use of words, but it is a question as to the intention of the parties, and if the deed leaves no reasonable doubt what the intent was, and the statutory requisitions have been complied with, the deed will be sufficient. The construction must be made upon the entire deed, and one part must be expounded by another. *Webster* v. *Atkinson*, 4 N. H. Rep. 21. Lord *Coke*, in enumerating the parts of a deed, mentions "apt words required by law." Co. Litt. 35 b. He also says that he has termed these the formal and orderly parts, " for they be not of the essence of a deed of feoffment." Co. Litt. 7 a.

A deed, then, according to Lord *Coke*, it seems may be good and effectual, though some of its usual formal parts be wanting. They are not of its *essence*.

The office of the premises of a deed is twofold, — first, rightly to name the feoffor and feoffee; secondly, to comprehend the certainty of the lands or tenements to be conveyed, &c. The habendum has two parts, — first, to name again the feoffee; secondly, to limit the certainty of the estate. Its formal office, then, is to limit and define the estate, whether a fee-simple or otherwise, that is granted, and necessarily implies a grant. Indeed, the words " to have and to hold," though, perhaps, not

Brown *v.* Manter.

the best that could be chosen for the object, may well be held to contain a grant in express terms. Then, again the words, " to him and his heirs," indicate a fee-simple and not a less estate. If one say to another, in writing, " You shall have and hold this parcel of land to you and your heirs," a sufficient consideration appearing, and the statutory requisitions being complied with, what essential thing is wanting to constitute a valid conveyance ?

This position is also sustained by Coke, when he says, — " A deed in the common law signifieth an instrument containing three things, namely, — writing, sealing, and delivery, comprehending a bargain or contract between party and party." Co. Litt. 171 b. So if A. give lands to have and to hold to B. and his heirs, this is good, albeit the feoffee is not named in the premises. Co. Litt. 7 a. In note 33, by Hargrave & Butler, it is said that there is a case in 21 and 22 Eliz., in which the two Chief Justices and the Chief Baron certified to the Chancellor, that a lease would be good in law, though the lessee were named in the habendum only.

Every deed is, if possible, to be construed so as to be made operative. *Canning* v. *Pinkham*, 1 N. H. Rep. 353 ; 2 N. H. Rep. 258 ; 1 N. H. Rep. 65 ; 10 N. H. Rep. 305, 310, 311 ; 4 Mass. 136, per *Parsons*, C. J. And it is to be construed most strongly against the grantor. 1 N. H. Rep. 94 ; 8 N. H. Rep. 465.

In this deed the parties are well described. There is a pecuniary consideration. There is no uncertainty in the description of the land. The usual words of grant are omitted by evident mistake, but the habendum expresses the intent as clearly as if there had been no omission.

Any writing that sufficiently identifies the parties, describes the land, acknowledges a sale in fee of the vendor's interest for a valuable consideration, is signed and sealed by the grantor, and duly attested, is a good deed of bargain and sale. 2 Dana, 21 ; *Bridge* v. *Wellington*, 1 Mass. 219. Words of warranty may supply the place of words of grant, and enure to the benefit of the grantee, by way of estoppel. This deed contains a covenant of warranty against all persons claiming under the

grantor, and so far is distinguishable from the case of a deed containing neither words of grant, nor covenant of warranty. A special warranty against all persons claiming under the grantor, has the same effect to create an estoppel as a general warranty. *Kimball* v. *Blaisdell*, 5 N. H. Rep. 533. In this case it has been objected, that nothing passed by the deed for the want of words of grant. In the case of *Somes* v. *Skinner*, 3 Pick. 52, it was objected, that nothing passed to the grantee for want of title in the grantor, but it was held that the covenant of warranty enured to the benefit of the grantees so as to protect their title. Now, why should not the covenant of warranty be operative in the same way in the present case? The title and possession under Samuel Pearce are elder and better than the title and possession under Nathaniel Brown the elder. Samuel Pearce was in possession as early as 1773, and his will, under which title was derived to Hannah Nichols, was proved in December, 1817. One of the plaintiff's deeds was dated in 1824, and one in 1826, and the plaintiff's grantor had no possession as far back as 1773. The deed of Nichols to Call was made on the 3d of March, 1823, and so is prior to the earliest deed of the plaintiff, for his title was acquired subsequent to this deed, and he is, therefore, estopped by it, unless he can show an elder and better title. Any possession by the plaintiff, or Nathaniel Brown the elder, is presumed to be in subordination to the true title, unless it be shown to be adverse.

A release may enure to the releasee as a grant by way of estoppel. *Russell* v. *Coffin*, 8 Pick. 143; *Oakes* v. *Marcy*, 10 Pick. 195; *Pray* v. *Pierce*, 7 Mass. 381; *Trull* v. *Eastman*, 3 Met. 121; *Hastings* v. *Blue.Hill Turnpike*, 9 Pick. 80; *Dyer* v. *Rich*, 1 Met. 180.

GILCHRIST, C. J. The numerous decisions to be found in the books both in the early and modern days of the common law, relating to the construction of deeds, and to the effect to be given to the various parts of which they are usually composed, have established certain rules about which there is no controversy. The courts are anxious so to construe a deed as to give

effect to the intent of the parties, if it do not contravene any fundamental rules of the law; and the construction is to be made upon the entire deed. *Webster* v. *Atkinson*, 4 N. H. Rep. 21; *Clanrickard* v. *Sidney*, Hob. 277. And "by the word *intent*, is not meant the intent of the parties to pass the land by this or that particular kind of deed, or by any particular mode or form of conveyance, but the intent that the land shall pass at all events one way or the other." Ld. Ch. J. *Willes* in *Roe* v. *Tranmer*, 2 Wils. 78; *Shove* v. *Pincke*, 5 Term, 129; *Solly* v. *Forbes*, 2 B. & B. 38; *Evans* v. *Vaughan*, 4 B. & C. 261.

The techical meaning of the *premises* in a deed is all that precedes the *habendum*. Shep. Touch. 75; Co. Lit. 6, 7; *Sumner* v. *Williams*, 8 Mass. 174. This is a simple and concise, but a perfectly accurate definition. The office of the habendum is not to grant the estate, but only to limit its certainty. Co. Lit. 6 a; *Buckler's Case*, 2 Co. 55; *Earl of Shrewsbury's Case*, 9 Co. 47 b; Com. Dig. Tait, (E. 9.) But the habendum cannot enlarge the premises. Com Dig. Tait, (E. 10.) Nothing can be limited in the habendum of a deed which has not been given in the premises, because the premises being that part of a deed in which the thing is granted, it follows that the habendum which is only used for the purpose of limiting the certainty of the estate, cannot increase the gift, for in that case the grantee would in fact take a thing which was never given to him. 4 Cruise's Dig. tit. 32, ch. 20, § 73. But if a thing is comprehended in the premises, and has another name in the habendum, the habendum is good. Ib. § 74. And it is held in *Manning* v. *Smith*, 6 Conn. 289, that the habendum never extends the subject-matter of the grant.

A distinction is made, as to the effect of the habendum, between deeds in which the premises expressly mention an estate or interest, and those in which the premises merely describe the tenements, but do not mention any estate or interest. This distinction is thus stated by *Abbott*, C. J. in *Goodtitle* v. *Gibbs*, 5 B. & C. 709. If no estate be mentioned in the premises the grantee will take nothing under that part of the deed except by implication and presumption of law; but if an habendum follow, the inten-

tion of the parties as to the estate to be conveyed, will be found in the habendum, and, consequently, no implication or presumption of law can be made; and if the intention so expressed be contrary to the rules of law, the intention cannot take effect, and the deed will be void. On the other hand, if an estate and interest be mentioned in the premises, the intention of the parties is shown, and the deed may be effectual without any habendum, and if an habendum follow which is repugnant to the premises, or contrary to the rules of law, and incapable of a construction consistent with either, the habendum shall be rejected, and the deed stand good upon the premises.

Now in the present case, a tract of land is described in the premises, but it is not granted. So far as the premises are concerned, it remains in the person who executed the deed. The habendum can have no effect upon an estate which is not granted at all. It cannot of itself convey an estate, for that would be contrary to the rules of law, and to make the instrument effectual as a conveyance of land, the habendum must be regarded as a grant of the land. This we cannot do without striking out a new path independent of the authorities, and that, of course, we have no right to do. The instrument, then, must be regarded as containing merely a description of land, and is void as a coveyance so far as regards the operative power of the premises and the habendum.

There is however a case, that of *Bridge* v. *Wellington,* 1 Mass. 219, in which an instrument similar to that now under consideration was held sufficient to pass a fee. It was in these words: " Know all men, &c., that I, J. B. in consideration of, &c., to me paid by, &c., a certain tract of land in L.," (describing it.) Habendum to John Bridge, in fee. The instrument then contained a covenant of warranty of the *granted* premises. The court held, that taking the whole deed together it was not possible to doubt as to the intention to pass the estate in fee, and that they found no rule of law to prevent their carrying that intention into effect. The learned editor of the Massachusetts Reports says, however, of this case, " But *quod voluit non dixit;* the deed was clearly void." With this opinion of the editor we

agree entirely, so far as regards the premises and the habendum, for reasons which we have stated above. We think the rule of law, that where no estate is conveyed by the premises it cannot pass by the habendum, stands in the way of the decision, upon the ground on which it is placed by the court. Nor do we think the authorities cited at the bar, sustain the decision. The court say, " the authorities cited justify us in saying that the deed is sufficient to convey the estate in fee." The authorities are *Spyve* v. *Topham*, 3 East, 115 ; *Say* v. *Seale*, 10 Mod. 40 ; *Edes* v. *Lambert*, Allen, 41. Of these we have been able to see only *Spyve* v. *Topham*. In that case the words in the premises were " to J. Topham " and " his heirs and assigns " and those in the habendum " to G. Bass," " his heirs and assigns." The deed was a release, and the lease for a year was to G. Bass. In the release Bass was described as a trustee for Topham. The words " J. Topham," in the premises, were obviously a clerical error. If effect had been given to them, nothing could have passed to any one by the release, and the whole object of the parties would have been defeated. The court held, that the words " unto the said J. Topham," might be rejected as surplusage. Now it is very obvious that there is a wide difference between rejecting as surplusage a part of a deed which makes the rest unintelligible and inserting something which the party has not placed there. In the one case the whole deed is construed by its own language, which is consistent with the rule. In the other case, something is added upon the presumption of a mistake, which is contrary to the known rule of law, which does not permit a deed to be thus rectified. Such a remedy must be sought in chancery. In the case of *Bustard* v. *Coulter*, Cro. Eliz. 903, it was held, that a bargain and sale by indenture, without expressing to whom, although it were *habendum* to W. Gregory, who was a party to the deed, was not good, " because there ought to be grantor and grantee in the premises of the deed." Shepp. Touch. 75, *contra*, and the learned editor of the last edition of the Touchstone seems to consider the point as settled by *Spyve* v. *Topham*, in favor of the validity of the grant. But Lord *Denman*, in *Doe* v. *Steele*, 4 Ad. & E. 8, says of

*Spyve* v. *Topham*, "The case was determined upon the peculiar circumstances of it, and is no rule for any case not precisely like it." Sheppard goes on to say, "And yet if the thing granted be only in the habendum and not in the premises of the deed, the deed will not pass it," on which the editor remarks, "Probably this proposition is too general." But Sheppard proceeds, "And therefore if a man grant Blackacre in the premises of a deed, *habendum* Blackacre and Whiteacre ; Whiteacre will not pass by this deed," upon which the editor makes no comment, and which we understand to be consistent with the rules regulating the construction of the premises and habendum. We therefore respectfully dissent from the decision in *Bridge* v. *Wellington*, and do not think that the instrument in this case conveys any interest in the land by virtue of the habendum or of the premises.

But the instrument contains the names of the covenantor and of the covenantees. It declares the receipt of a pecuniary consideration. It contains the description of a tract of land, and the covenantor for herself and her heirs covenants to warrant the land to the covenantees and their heirs against all persons claiming under her and her heirs. Now this covenant operates as an estoppel by way of rebutter to prevent circuity of action. If the covenantees should bring a writ of entry against the covenantor to recover possession of the land, she would be estopped from setting up her title to it, because if she were to do so, the covenantees would be entitled to an action on the warranty to recover the value of the land. The principle of estoppel, therefore, in its application to this case, would prevent multiplicity of suits and administer justice. Circuity of action is where a recovery in the first suit alone gives rise to the second. *Haynes* v. *Stevens*, 11 N. H. Rep. 33. In the case of *Kimball* v. *Blaisdell*, 5 N. H. Rep. 533, Brown, owning land, conveyed it to Burley, who gave Brown a bond to reconvey the land, upon the payment of $200. Brown afterwards conveyed the land to the demandant, with a warranty against all claims under himself. Subsequent to this, the demandant having the bond given by Burley, paid to Burley the sum due, and took a deed

from Burley of the land in the name of Brown. The tenant's title was by an execution which he had extended upon the land as the property of Brown. Brown had no title when he conveyed to the demandant, but it was held, that the title which subsequently accrued in his name enured to the benefit of the demandant by force of the warranty, which bound the tenant who claimed under Brown, as a privy in estate. But the present case is more simple. Mrs. Nichols being a party and her covenant binding parties and privies, it is not necessary that she should acquire any subsequent title, which should enure to the benefit of the covenantees, for she would be rebutted by her own covenant. *Bates* v. *Norcross*, 17 Pick. 14 ; *Terrett* v. *Taylor*, 9 Cranch, 43. The land does not pass by force of the warranty or of the estoppel, although a rebutter is called a kind of estoppel. Co. Litt. 352 *b*. But this merely relates to the similar operation of a warranty and an estoppel, in repelling the party to whom they attach from recovering in opposition to them the estate warranted. In *Bates* v. *Norcross*, the demandant, who had married the heiress of a grantor to whom assets real had descended from her ancestor, was rebutted by a warranty in the grant, from recovering by title paramount the land granted. The warranty took effect where, from the absence of all privity, an estoppel would not have been binding.

It would be easy to multiply authorities on this subject, but it is unnecessary to say more than that the covenant operates as an estoppel by way of rebutter to prevent circuity of action. The instrument therefore should have been admitted in evidence.

*Verdict set aside.*