## JOHN SWAZEY v. JOSHUA BROOKS.

### Deed. Appurtenances. Covenant.

The word *appurtenaces* in the *habendum* of a deed, when none are specified, will not be construed to convey anything except what was legally appurtenant to the land in the hands of the grantor; and, therefore will not be extended so as to convey an easement in the land of another, which, by reason of not having ripened into a legal right, had not become legally attached to the premises conveyed, unless accompanied by proper words describing it, and showing the intention of the grantor to pass it.

In order to recover for the breach of a covenant of warranty in a deed of land, the plaintiff, if he relies on an eviction, must show one by a lawful title in the person evicting, existing before or at the time of the grant.

COVENANT. The facts in the case are sufficiently stated in the opinion of the court. The case was tried by jury at the December term, 1858, BENNETT, J., presiding.

Upon the facts in the case, including those which the plaintiff claimed he could prove, the county court directed a verdict for the defendant, to which the plaintiff excepted.

*Geo. C. & Geo. W. Cahoon* and *Peck & Colby*, for the plaintiff.

*T. P. Redfield*, for the defendant.

KELLOGG, J. The defendant executed a deed on the 12th of January, 1829, conveying to Joseph Swazey and his heirs and assigns, "lot No. 19 of the first division of the right of Benjamin Inghram Jr., in the town of Charleston. The *habendum* is "to have and to hold the *above granted and bargained premises*, with the *appurtenances thereof* unto him the said Joseph Swazey, his heirs and assigns forever, to his and their own proper use, benefit, and behoof;" and the deed contains the usual covenants of seizin and against incumbrances, and also a covenant of warranty, "to warrant and defend the *above granted and bargained premises* to the said Joseph Swazey, his heirs and assigns, against all claims and demands whatsoever." The title and estate of Joseph Swazey in the premises conveyed passed through several intermediate conveyances to the

plaintiff, and became vested in him before the commencement of this suit.    A water-course, called Clyde river, runs through said lot No. 19, and, at the time of the defendant's conveyance to Joseph Swazey there was a mill dam on said lot across the river, which, with a saw mill therewith connected, had been previously built by one Varnum.    This is an action of covenant broken, founded on the covenants in the defendant's deed, and the plaintiff claims the right to maintain the action as the assignee of the defendant's grantee.    As a ground of recovery, the plaintiff on trial, relied upon two judgments recovered against him by one Stephen C. Cole, who owned the land on the river above and contiguous to said lot No. 19, for damages which the said Cole had sustained by reason of the water setting back from the said dam, which had been maintained and kept up by the plaintiff upon the land next above and adjoining said lot No. 19, which was so owned by said Cole, as aforesaid, accompanied by evidence showing that he, the plaintiff, had paid said judgments, and that the defendant was duly and seasonably notified by him to defend the suits in which those judgments were rendered, but did not appear in the same.

When this case was before this court on a former occasion, (30 Vt. 692) it was held that the plaintiff's right of recovery, if he had any, must rest upon the covenant of warranty, and the question now presented is whether the facts appearing in the bill of exceptions are sufficient to entitle the plaintiff to recover on that covenant.    It was admitted, for the purposes of the trial, that Cole entered into the possession of the land above lot No. 19, in the summer of 1827, which was after the execution of the deed from the defendant to Joseph Swazey, and that at that time the land above lot No. 19 was wild and uncultivated, and had not ever been divided among the proprietors of the township, and that he, in the same year, cut down some trees upon the land, and has occupied it ever since ; and that in the spring of 1828, the land was laid out into lots of the third division, of ten and three-fourths acres each.    The plaintiff claimed that Varnum, who had previously purchased lot No. 19 of the defendant, and had at the same time mortgaged it back to the defendant, built

the saw mill and dam thereon in 1820 or 1821, and that the dam was built sufficiently high to throw the water back upon the land next above lot No. 19, and that the effect of the dam was to flow the water back upon the land above lot No. 19, and upon the land which Cole commenced first to occupy in the summer of 1827, and that the dam was kept up by Varnum at its original height, and flowed the water back upon the land above lot No. 19 up to the time of the execution of the defendant's deed to Joseph Swazey on the 12th of January 1827, and that Varnum claimed the right to flow the water back upon the land above his lot during his occupancy; but the plaintiff admitted that no one was in possession of the land above lot No. 19 during all that time. The county court decided that these facts, if established, would not, in connection with the other facts which the plaintiff's testimony tended to prove, be sufficient to entitle him to recover; and we are therefore to treat the case the same as if these had been admitted facts. The case as before presented to this court is now varied in its material features only by the plaintiff's claim, which we are to treat as an admitted fact, that before the time of the execution of the defendant's deed to Joseph Swazey, Varnum, by means of the dam, caused the water to flow back upon the land above lot No. 19, and claimed a right to have it so flow back.

Was such a right conveyed by the defendant's deed to Joseph Swazey? This question must turn upon the meaning and operation of the word *appurtenances* as used in the *habendum* of the deed. The right which the plaintiff claims as passing under the deed is a right to flow the water by means of the dam back upon the land above lot No. 19, and is an easement in the land above that lot. The subject matter of the grant, as expressed in the defendant's deed, is lot No. 19, but it does not, in terms, include the easement; and the covenant of warranty is co-extensive with the subject matter of the grant. The defendant by his deed granted his lot in the state in which it then was, and we do not doubt that the grant carried with it everything naturally or necessarily incident or appurtenant to its subject matter; but such appurtenances only would pass as existed at the time of the grant. In order to acquire a legal right by user to the easement or privi-

Swazey *v.* Brooks.

lege of flowing outside of the tract conveyed, the user must have been adverse and uninterrupted for a period of fifteen years, as in the case of other rights in real estate acquired by adverse possession under the statute of limitations. It is clear that, whatever might have been Varnum's *claim* in respect to a right to flow the land above lot No. 19 by means of his dam, he acquired no legal *right* to any easement in that land by the length of his use of the dam, which was less than half of the time required to mature such a right by adverse user and enjoyment merely ; and it is equally clear that the defendant (to whom the title of Varnum was transferred by the foreclosure of the mortgage executed by Varnum when he purchased the premises,) possessed no such right at the time of the execution of his deed to Joseph Swazey. There is nothing in the case to show that the defendant ever claimed, or professed to convey, any easement or privilege in the land outside of the limits of lot No. 19, and we can find no ground for supposing that he intended to convey any right or privilege which was not legally appurtenant to that lot in his hands. We think that the word *appurtenances* in the *habendum* of the defendant's deed has its full force and application when it is confined to existing rights which naturally and necessarily belonged to the thing granted in the hands of the grantor, and that it ought not to be extended so as to carry an easement in other land, which, by reason of not having ripened into a legal right, had not become legally attached to the premises conveyed, unless accompained by proper words describing it, and showing the intention of the grantor to pass it. We do not intend to deny that this word is sufficient to carry an easement outside of the limits of the parcel of land conveyed ; but in a case in which the title of the grantor to the thing granted is unquestioned, we think that the operation of this word in carrying easements in land outside of the limits of the parcel conveyed should be confined to such easements as had, at the time of the grant, ripened into legal rights, and become legally attached to the subject matter of the grant in the hands of the grantor,—or, in other words, that this word *appurtenances* where none are specified, should not be construed to convey anything except what was legally appurtenant to the land in the hands of

the grantor. *Dunklee* v. *Wilton R. R. Co.*, 4 Foster (N. H.) 489 ; *Tabor* v. *Bradley et al.* 18 N. Y. 109.

We are aware that in the case of the *Vermont Central R. R. Co.* v. *Estate of Hills*, 23 Vt. 681, it is intimated *per curiam*, that even if the owner of the land had acquired no perfect right, a general conveyance of the land with all its privileges and appurtenances, the aqueduct being in use, would bind the grantor to defend the title to it, if he gave covenants of warranty, &c. ; but this point did not arise on the facts in that case, as the grantor had, at the time of his conveyance, a perfect right to the easement claimed, and this intimation, which is *obiter* merely, seems to us to proceed upon too broad ground and not to be warranted by the adjudged cases. The cases of *Oakley* v. *Stanley* 5 Wend. 523, (cited on the part of the plaintiff) and *Burr* v. *Mills* 21 Wend. 290 and *New Ipswich Factory* v. *Batchelder*, 3 N. Hamp 190, are cases in which the easement claimed existed *in other lands of the grantor*, outside of the land granted, at the time of his grant, and those cases are not inconsistent with our conclusions in this case. We have not been able to find any case in which the word *appurtenances* where none were specified, has been held to pass any rights or privileges *in alieno solo*, or in lands outside of the limits of the subject matter of the grant, as necessarily incident to the thing granted, unless they legally existed in the grantor at the time of his conveyance.

The plaintiff's action must, in our opinion, also fail on another ground. Admitting that the recovery of the judgments by Cole against the plaintiff should be treated as equivalent to an eviction, yet to constitute a breach of the covenant of warranty, an eviction of the grantee or his assignee, by a lawful title in the person evicting existing before or at the time of the grant, is indispensably necessary. It was incumbent on the plaintiff to show that the title under which the adverse judgments were obtained was not one derived subsequent to the execution of the defendant's deed ; and this notwithstanding the notice given by him to the defendant to appear in and defend the adverse suits. *Pitkin* v. *Leavitt*, 13 Vt. 379, 384. At the time of the execution of the defendant's deed, Cole appears to have had nothing but a mere claim of title in the land above lot No. 19, unaccompanied by

any possession; and the plaintiff admitted on the trial that at the same time, the land above lot No. 19 was vacant and undivided, and that no one was then, or had previously been, in possession of the same. These being admitted facts in the case, it is quite impossible to say that the title upon which Cole's recovery against the plaintiff was obtained, was an existing and paramount title at the time of the execution of the defendant's deed.

As we find no error in the decision of the county court, it is not necessary to consider other points, tending to the same conclusion, which were made in the argument.

The Judgment of that court in favor of the defendant is affirmed.