## SEAVEY v. JONES.

The defendant conveyed to the plaintiff a piece of land, by metes and bounds, bounded on one side by Warner river, with the saw-mill, clothing-mill and carding-machines therein, "with a privilege of flowage, use of water and repairing of dam," with all privileges and appurtenances, &c. :—*Held*, that this was only an enumeration of the rights that would pass as incident to the land or mills, and not a separate grant of any rights or privileges disconnected from those before granted.

Such deed conveys all such privilege of flowage, use of water, and repairing of dam, as would be incident to the land as bounded on the river, and such as were incident to, or had become connected with the mills conveyed, and including not only those which were originally incident to the land and mills, but all such as had been acquired by grant or prescription by the defendant or his grantors, before the conveyance to the plaintiff.

Evidence that the defendant, at the time of the sale, was using all the water in the stream, and claimed the right so to use it, and promised to convey it all to the plaintiff, would be inadmissible in an action of covenant broken upon such deed, it being admitted that another person owned the land upon the opposite side of the river, with a part of the water-power.

COVENANT broken for breach of the covenants of the defendant, in the deed of himself and wife to the plaintiff, dated July 7, 1857, conveying, with full covenants of seizin, right to convey, against incumbrances and warranty, one undivided half of a tract of land in Bradford, on the west side of the Warner river, with the saw-mill, clothing-mill and carding-machines therein; and as expressed in the deed, "with a privilege of flowage, use of water and repairing of dam," and to hold the premises with the privileges and appurtenances to the same belonging.

The plaintiff's claim is, that at the time of the conveyance the defendant was in possession of the one half of the mills so sold, with one half of all the water of the river; and that the whole of the water was then used for operating the mills, under a claim of the right so to use it; and that at the time of making the contract of sale, the defendant represented to the plaintiff that he had such right; and the plaintiff made the purchase with that understanding; the defendant claiming that whatever he was so in possession of, he had a right to by prescription or otherwise.

For the purpose of this case it was agreed that it should be assumed that the plaintiff had offered evidence tending to prove these facts.

The plaintiff further claims that at the time of making the conveyance, one John Andrews owned the land on the other side of the river, and a part of said water-power, and that he still owns the same, and he contends that this constitutes a breach of the defendant's said covenants, or some of them.

And the parties agreed to submit the construction of the covenants aforesaid to the court, to determine whether they embrace one half the entire water-power, or only the half of the share incident to the ownership of the land on that side of the river, and also if one half of the entire water-power is not embraced, whether the deed does not convey a power sufficient to operate the mills and works conveyed; with the agreement that if the court shall be of the opinion that the action can not be sustained, assuming the

facts to be as claimed by the plaintiff, then judgment shall be rendered for the defendant; if otherwise, the case is to be discharged and the action stand for trial.

And the questions of law arising on the case were reserved.

*Tappan & Cilley*, for the plaintiff.

*Minot & Mugridge*, for the defendant.

SARGENT, J. The plaintiff does not complain in this case that he has been interrupted in, or deprived of some privilege of flowage, use of water and repairing of dam connected with his land or mills. The only breach of covenant complained of is, that Andrews owned land on the other side of the river, and a part of said water-power and still owns the same. Unless that fact constitutes a breach of the defendant's covenants, then the plaintiff has no case, and unless the defendant's deed is to be construed as warranting the right to the whole use of the stream and water-power at that place, there has been no breach.

Now the deed does not certainly in terms warrant any such entire and exclusive right thus to use this water-power, nor do we think that any such construction is called for or would be warranted in this case. The defendant conveyed to the plaintiff " one undivided half of a tract of land in Bradford, on the west side of Warner river, with the saw-mill, clothing-mill and carding-machines therein, with a privilege of flowage, use of water and repairing of dam, to have and to hold with the privileges and appurtenances to the same belonging. There is simply an enumeration of the rights and privileges which were to pass by the deed, as there was of the buildings on the land, all of which would have passed as well without any such distinct enumeration as with it. We do not understand by this expression that it was intended as the plaintiff claims, to convey the land and mills with all the privileges and appurtenances belonging to both, and then an additional and distinct grant of the privilege of flowage, use of water, &c., as rights which would not pass by, or be included in the other terms of the grant. The terms used do not indicate any such intention. The land is conveyed with certain mills thereon, and with certain privileges, but neither of them need to be particularly described in order to pass by the conveyance, as they all would have passed as appurtenant. If any other rights had been intended, they would of course have been particularly described. The deed seems plain upon its face, and without any ambiguity, either latent or patent, and the evidence offered was incompetent. So far as it tended to show that any different contract from the one in writing had been made, before the execution of the deed, it was immaterial, and so far as it tended to show that the contract, at the time of the execution of the deed, was different from that contained in the deed, it was inadmissible as tending to contradict the written instrument.

If the plaintiff was induced by fraud to accept a deed of something less than he purchased, he should seek his remedy in some other way than upon his deed. If the deed is wrong by mistake, it should be rectified. But if, after he had bargained for one thing he was persuaded to change that contract, and when the writings were made he only bought such rights of flowage, &c., as were connected with the land and mills, instead of the whole waterpower of the river, then he has no one to blame but himself, and he has got all he finally purchased, and he can not maintain this suit any more than a grantee, under a quitclaim deed of a farm, could maintain covenant broken against his grantor, upon his deed, on account of some old incumbrance that had existed before the grantor ever owned it, on the ground that the grantor had told him that he owned the farm free from any incumbrance.

A different question might arise if it was claimed here that the defendant did not own any right of flowage, or of using water or of repairing dam, as incident to or connected with the land or mills granted; for although here is no distinct and separate grant, yet the language would amount to a covenant that there was a privilege of flowage, use of water, &c., connected with the land or mills or both, which would pass by the conveyance. But that question does not arise.

We think all this deed can be construed to convey would be the right of flowage, use of water, &c., the right to use such portion of the stream and water-power as would be incident to the land, as bounded on the river, and such as were incident to or had become connected with the mills conveyed, and including not only those which were originally incident to the land and mills, but all such as had been acquired by grant or prescription by the defendant or his grantors before the conveyance to the plaintiff. *Peaslee* v. *Gee*, 19 N. H. 273; *Sanborn* v. *Clough*, 40 N. H. 316, and cases cited; *Dunklee* v. *Wilton Railroad*, 24 N. H. 489; *Pray* v. *Great Falls Co.*, 38 N. H. 442; *Thompson* v. *Banks*, 43 N. H., *post.*

As there is no complaint here that all those rights have not been enjoyed by the plaintiff, without interruption, there must be

*Judgment for the defendant.*