# WINDSOR COUNTY,

## FEBRUARY TERM, 1870.

[CONTINUED FROM PAGE 738 OF VOL. 42.]

---

### JOHN COOLIDGE v. ALBERT D. HAGER.

#### Water. Spring. Aqueduct. Deed. Appurtenance.

Upon the principle of the maxim, that whoever grants a thing is supposed also, tacitly, to grant that without which the grant itself would be of no effect, it is *held* that by a conveyance of a house and lot, (warranty deed in usual form,) supplied with water by an aqueduct running through the land granted, from a spring belonging to, and on other land of the grantor, the grant conveys the water as it was then running, with a right to the spring and aqueduct sufficient for its continuance, as an appurtenance to the house and land.

An express conveyance of the water and aqueduct made on the same occasion but in a separate deed to the same grantee and accepted by him, containing limitations and restrictions in the use of the water, would limit the general grant of the water and aqueduct as included impliedly in the other deed, to the extent of such restrictions.

The grant in the deed containing the limitations was to the grantee, without the words "to his heirs and assigns," as used in the other deed; but this did not cut down the estate granted in the water and aqueduct in the other deed.

As both deeds bore the same date, they were *held* to be contemporaneous, and were to be construed together, nothing appearing to the contrary.

CASE for disturbing an aqueduct. Plea, not guilty. Trial by jury, December term, 1869, BARRETT, J., presiding.

The plaintiff gave in evidence a copy of a deed from the defendant and his wife, to Mary L. Johnson, dated March 1, 1860, of the dwelling-house and lot now owned by the plaintiff; also a copy of a deed from the defendant to said Mary L., dated the same as the above, of a right in the spring of water in question; also a copy of a deed from F. W. Johnson and his wife, the said Mary L., to Mary A. Burbank, of the premises named in the first of the foregoing deeds, dated the 31st day of December, 1863; also a deed of the same premises from George S. Burbank and his wife, the said Mary A., dated the 20th day of September, 1867, which deed is signed by Aria Whitcomb. A paper writing,

2

headed concessions, and signed by plaintiff's attorney, was also read to the court and jury, and put into the case.

The plaintiff's testimony showed that he took possession of the premises conveyed to him by said Burbank and wife, and had ever since occupied them as his residence : that at the time he thus took possession, water was running through an aqueduct that had been laid by the defendant before he conveyed to Mary L. Johnson, from the spring in question, to said house, and that said house, and the barn on said premises, were thus supplied with water for ordinary use, till the 16th day of December, 1868, on which day the defendant cut off the aqueduct on his own land, and thus stopped the running of the water, and it has not run since.

The defendant gave in evidence a deed from Clark Spaulding to himself, dated September 19th, 1859 ; and gave evidence that showed that at that time he owned, on the street in the village of Proctorsville, a tract which now constitutes the premises owned by the plaintiff, and also his own residence, and also another house lot now owned and occupied by Mr. Bailey ; that the defendant put up the buildings upon each of said now separate house lots, and brought the water by aqueduct from said spring to the buildings, on each of said lots ; that the aqueduct, in passing from said spring to the premises of the plaintiff, is laid through the premises now owned and occupied by the defendant as his residence, and lying contiguous to the said premises now owned and occupied by the plaintiff, and also through the premises now owned and occupied by said Bailey ; that the defendant cut said pipe on his own premises, and near the line dividing between his and the plaintiff's premises ; that the defendant had made necessary repairs to the spring by labor and cash paid exceeding the sum of $12, and that he claimed that the plaintiff ought to pay him the said sum of $12, or pay him $5 a year for the privilege of having the water through said aqueduct, and he made known his claim to the plaintiff, and offered, if plaintiff would do either way, he should have secured to him said privilege without other condition or limitation, and he then notified the plaintiff that unless he would come to the terms proposed, the defendant would

stop the water from running to plaintiff's premises, at the same time claiming that the plaintiff had no title or right to have the water thus run. The plaintiff declined to accept the terms, and forbade the defendant to cut the pipe. The defendant then cut it, and stopped the water.

The defendant testified that when the plaintiff was negotiating with Burbank for the purchase of the place, in pursuance of which the conveyance by Burbank and wife was made to the plaintiff, he, the defendant, told the plaintiff distinctly, in the presence of Burbank, that if he bought said house and premises, he would not thereby buy the water; that Mrs. Johnson had the right to it; that he, the defendant, could cut the water off at any time. The testimony of the defendant tended to show that at other times, before the plaintiff bought the premises, he told him he would get no right to the water by such purchase. The testimony on the part of the plaintiff tended in some respects to contradict this. The court left it to the jury to find specially on this subject, and they returned a special verdict.

The court, after the evidence was closed, with the consent of counsel, ruled, *pro forma*, that the plaintiff was not entitled to recover, taking the verdict of the jury upon the question of the damage that plaintiff had suffered by the stopping of the water, with leave to plaintiff to except to said ruling, and with a stipulation that if the supreme court should hold that plaintiff was entitled to recover, final judgment should be rendered in that court for said damages and costs. The damages were assessed at ————. Plaintiff excepted as aforesaid.

" CONCESSIONS.

" It is conceded that Mary L. Johnson owned the premises now owned by the plaintiff at the time she received from Hager the deed of the spring, and right of conducting the water as expressed in said deed, dated March 1st, 1860, and that she put in the pipe and set the water to running to the said plaintiff's premises, while she was the owner of the same, and that the water was running to said premises, from said spring, when she, joined by her husband, F. W. Johnson, conveyed the premises then owned by the plaintiff to Mary A. Burbank, by deed dated December 31, 1863 ; and that Hager had a legal right to convey said interest in said spring to said Mary L. Johnson."

The first deed above referred to, from defendant and wife to Mary L. Johnson, was a warranty deed with the usual covenants, and described the premises by metes and bounds, and made no allusion to the spring or aqueduct. The second of the deeds first above referred to was as follows :

" Know all men by these Presents, That I, Albert D. Hager, of Cavendish, in the county of Windsor and state of Vermont, for the consideration of twenty-four dollars paid to my full satisfaction by Mary L. Johnson, of Cavendish, aforesaid, do give, grant, bargain, sell and confirm unto the said Johnson one undivided half of my interest in and to a certain spring in the pasture of Clark Spaulding, in said Cavendish, with an equal right with me to the water flowing from the same ; but conditioned that I am to have the privilege of taking water into my house, and also into my carriage house, from the main pipe ; and conditioned further, that in times of low water, that the amount taken by myself and the said Johnson shall be equal ; and conditioned further, that Abner C. Kneeland has the right of taking from the main pipe one branch, with as much water as may be needed for the use of his barn, which at no time shall exceed one third part of the water which shall run from the spring ; and conditioned further, that should it ever be necessary for the said Johnson, for her convenience, to dig up the pipe on the said Hager's premises, that he, the said Hager, shall be paid full damage that may accrue to his crops or premises in consequence of such digging."

Both of said deeds are duly recorded, and bear date March 1st, 1860.

*Norman Paul and William H. Walker,* for the plaintiff.

It is implied from the nature of the grant, (unless there is some express reservation to the contrary,) that the grantee shall possess the premises, with the *same beneficial rights* and enjoy *all the privileges* that were in use and belonged to them at the time the conveyance was made.    2 Wash. on Real Property, 622, 623, 624, 626 ; 4 Kent's Com., 567 ; Shepard's Touchstone, 90 ; *Vermont Central R. R. Co.* v. *Estate of Hills,* 23 Vt., 681 ; *Woodbury* v. *Short,* 17 Vt., 387 ; *United States* v. *Appleton,* 1 Sumner, 492 ; *Story* v. *Odin,* 12 Mass., 157 ; *Kent* v. *Waite,* 10 Pick., 138 ; *Whitney* v. *Olney et al.,* 3 Mason, 280 ; *Hazard* v. *Robinson,* 3 Ib., 272 ; *New Ipswich Factory* v. *Batchelder,* 3 N. H., 190 ;

*Cocheco Manufacturing Co.* v. *Whittier,* 10 N. H., 305 ; *Dunklee* v. *Wilton R. R. Co.,* 24 N. H., 489.

. The giving the second deed of the water right was a superfluous act, wholly unnecessary for the acquiring of a right to the spring. Washburn on Easements, 313 ; *Nicholas* v. *Chamberlain,* 1 Cro. Jac., 121 ; *Lampman* v. *Milks,* 21 N. Y., 505.

The execution of the two deeds, Hager and wife to Johnson, and Hager to Johnson, both bearing the same date, must be considered as one and the same transaction, forming the parts of one contract, and in executing the second deed, the defendant *could not* lessen the estate already passed, or in any manner change the effect of the former deed.

*Charles P. Marsh,* for the defendant, maintained that the interest in the aqueduct given to Mrs. Johnson was simply a life interest, and no conveyance by her of it is valid or effectual in law. She was, as it were, by the defendant, constituted a joint tenant with him of the spring and water therefrom without any power of transfer, and upon her decease the *jus accrescendi* is operative to reinvest the entire ownership in the defendant, and if not, still she could not convey her interest in the aqueduct privilege and spring with the premises deeded, but only by a separate deed which she has never done, for the interest in the spring and water privilege was not included as a *privilege or appurtenance* in the deed by the defendant and his wife to Mrs. Johnson, nor was it intended to be. See Am. L. Review, Oct. No., 1869, page 40 ; *Johnson* v. *Jordan,* 2 Met., 234 ; *Carbrey* v. *Willis,* 7 Allen, 364 ; *Manning* v. *Smith,* 6 Conn., 289 ; *Smith, admr.,* v. *Pollard,* 19 Vt., 272 ; *Swazey* v. *Brooks,* 34 Vt., 451.

The opinion of the court was delivered by

WHEELER, J.   There is no such absolute discrepancy between the statement in the case that the water was brought to the house before the defendant conveyed it to Mrs. Johnson and the concession by the plaintiff's counsel, made a part of the case, that Mrs. Johnson put in the pipe and set the water to running, but that both may be true, for the water may have been running at the time she

bought and she afterwards have put in other pipe and set it to running again; from the whole it is understood and considered that the water was running through the aqueduct to the house at the time she bought it and at the time it was conveyed to her. Part of the aqueduct was in land conveyed with the house, part in land of the defendant adjoining that conveyed, and the rest in the land of Spaulding where the spring was situated.

The exact right or estate of the defendant to or in the spring does not appear in the case except as it is described in his deed to Mrs. Johnson; in that deed it is described as being an interest in the spring, and not as a mere right to the water; the defendant cannot well complain if his estate is taken to be as great as he himself described it to be in that deed. That interest was an inheritable and permanent estate in the water and land. *Mixer* v. *Reed*, 25 Vt., 254.

No question has or could well have been made but that all that part of the aqueduct which was in the land conveyed by the defendant and wife to Mrs. Johnson was conveyed with the land. That part of the aqueduct could have been of no material use to her, or to the house and land she had bought, without the water running in it and the right to the water in the spring and to have it run in the rest of the aqueduct as it was then running. Whoever grants a thing is supposed also, tacitly, to grant that without which the grant itself would be of no effect. 2 Wash. Real Prop., 622. Broom's Max., 362. Branch's Max., 32. Upon the principle of this maxim the grant to Mrs. Johnson of the house and land, and that part of the aqueduct in the land, carried with them the running water and the right to have it continue to run as it was then running, because the defendant could grant all these and without them the rest of the grant could not have been enjoyed in all its material parts. Since *Nicholas* v. *Chamberlain*, Cro. Jac., 121, this maxim has in almost all cases that have arisen been applied to grants of land, with water running to buildings upon it, wherever the grantor had a permanent estate that he could convey in the water and the aqueduct in which it was running, such as the defendant had in this aqueduct and this water. *New Ipswich Factory* v. *Batchelder*, 3 N. H., 190; *Dunklee* v. *Wilton Railroad Co.*,

24 N. H., 489; *Vermont Central Railroad Co.* v. *Hills*, 23 Vt., 681. The only case cited in argument, that is directly opposed to this application of the principle of the maxim quoted, is *Manning* v. *Smith*, 6 Conn., 289, and the authority of that case is seriously questioned in *Vermont Central R. R. Co.* v. *Hills. Swasey* v. *Brooks*, 34 Vt., 451, is relied upon by the defendant as an authority opposed to *Nicholas* v. *Chamberlain* and the cases that have followed it; but in *Swasey* v. *Brooks* the grantor had not the right to convey the easement which the grantee claimed that he had undertaken to convey and had covenanted that he had a right to convey; and it was held that the grant should not be construed to include that as appurtenant to the thing granted which was not legally an appurtenance, and which the grantor could not legally grant. With this distinction kept in view, this case is not opposed to the others. Upon principle and authority therefore it is considered that the deed from the defendant and wife to Mrs. Johnson standing alone would have conveyed the water as it was then running, with a right to the spring and aqueduct sufficient for its continuance, as an appurtenance to the house and land.

The other deed appears to have been executed and delivered on the same day with this one, and nothing appearing to the contrary, they are taken to have been contemporaneous and are to be construed together. The deed from the defendant alone is an express grant with certain limitations and restrictions of the same water and aqueduct of which the deed from the defendant and wife were an implied grant. By accepting the deed from the defendant with the limitations and restrictions in it the grantee impliedly covenanted with him to take the water only in accordance with these limitations and restrictions; and the effect of this implied covenant when construed with the other deed was to define and limit the general grant of the water and aqueduct as included in the other deed to that extent. It did not cut down the estate granted in the water and aqueduct otherwise than to limit the extent and manner of its enjoyment.

The estate which Mrs. Johnson took, subject to the limitations and restrictions with which she took it, passed by the succeeding grants to the plaintiff. The notice found by the jury to have been

given by the defendant to the plaintiff could not defeat the operation of the grants. The defendant was neither selling or conveying, nor was any one selling or conveying, what he owned; under these circumstances anything that he said or omitted to say could not affect the contracts or conveyances. Whether the defendant had any claim for any part of the expense of repairing the aqueduct that he could enforce in any way against the plaintiff is not now decided; but whatever claim he may have had that he could otherwise enforce, he had no right to cut off the pipe and disturb the plaintiff in the enjoyment of his right as a penalty for non-payment.

The result is that the plaintiff had a right to the water running in the aqueduct which the defendant disturbed without right, and for this disturbance the plaintiff is entitled to recover.

The *pro forma* judgment of the county court is reversed and judgment is rendered in this court for the plaintiff for the damages found by the jury, with interest.