SPAULDING *v.* ABBOT. { MARCH 12, 1875.

A. conveyed to S. a tract of land with buildings thereon, supplied with water from a spring on land of H. by an aqueduct. In describing the premises conveyed, no mention was made of the aqueduct, or of any easement in the land of H. Following the description was the *habendum* in these words : "To have and to hold the said granted premises, with all the privileges and appurtenances to the same belonging." *Held,* that the word " appurtenances " in the *habendum* would not be construed to convey an easement in the land of H., which, not having ripened into a legal right, had not become legally attached to the premises conveyed.

By the use of       word " appurtenances " in the *habendum* of a deed,
an easement       t not pass unless legally appurtenant to the land in the
hands of th       antor.

An easement       ll not pass when not legally appurtenant to the land,
unless the       d contain proper words describing it, and showing the
intention o       he grantor to pass it.

COVENANT BROKEN, by James B. Spaulding against Ann Abbot, administratrix of James W. Abbot. The declaration alleges that the

decedent, by his deed, conveyed to the plaintiff certain land, described as follows: " Commencing, &c.; * * thence upon the bank of said river bed to the north line of James Howley's land; thence on said Howley's line, &c., * * to a cedar post; * * to have and to hold the said granted premises, with all the privileges and appurtenances to the same belonging."

The declaration alleges that the deed contained full covenants of title and against incumbrances, &c. (making profert of the deed), and that " on said premises, so by said deed conveyed to him, was a large and valuable dwelling-house and barn and outbuildings, and, as appurtenances to the same at the time of said conveyance, there was an aqueduct and a stream of water running therein and belonging thereto, which water came from a spring on the land of said James Howley; and said aqueduct and stream of water running therein were then and there appurtenances to said house, barn, and land, and said house, barn, aqueduct, and stream of water were then and there a part of the premises conveyed as aforesaid." The breach alleged is, that the decedent " did not own the aqueduct and stream of water running therein, so a part of said appurtenant to said premises," and had no right to convey the same, &c., and did not defend the same, &c., and that said " aqueduct and stream of water was taken from him," &c.

The declaration and deed therein referred to are made a part of the case, and the court transferred to the full bench the question whether the deed purports to convey the right to the water running from and upon the land of said Howley in said aqueduct.

The parties may hereafter try by the jury any questions of fact presented by the pleadings.

*Fletcher & Heywood* and *Ray & Drew*, for the plaintiff.

*G. A. Bingham*, for the defendant.

SMITH, J. The question in this case is, whether James W. Abbot, by the use of the word "appurtenances" in the *habendum* clause of his deed, conveyed to the plaintiff the right to take water from the land of Howley by an aqueduct to the premises conveyed by said deed. In the description of the premises conveyed, no mention is made of any such easement or right. It is nowhere mentioned in the deed or in any way alluded to, unless the construction to be given to the word *appurtenances* in the *habendum* is broad enough to cover it; and if not included under that term, it is not embraced within any of the covenants of his deed.

Whether such easement was annexed to the estate he conveyed or not, it was doubtless competent for Abbot to include it in express terms in his deed, and to covenant to defend it against all claims, provided he was willing to take that risk; and in case of failure the plaintiff could recover for breach of the covenant.

It is clear, upon authority, that when an easement has become

appurtenant to a dominant estate, a conveyance of that estate carries with it the easement belonging to it, whether mentioned in the deed or not, although not necessary to the enjoyment of the estate by the grantee— 2 Washb. on Real Property 28, *Kent* v. *Waite*, 10 Pick. 138, *Underwood* v. *Carney*, 1 Cush. 285, *Seavey* v. *Jones*, 43 N. H. 443, *Barker* v. *Clark*, 4 N. H. 382; and an easement may be acquired by express grant, implied grant, and by prescription. 2 Washb. on Real Property 27. If Abbot acquired in either of these three modes the right to the flow of water in this aqueduct from Howley's land, it passed by his deed as appurtenant to the estate conveyed, although no mention of it was made in the deed.

The question, however, transferred for our consideration, is not whether such easement had been acquired by grant or prescription so that it passed as appurtenant to the land, but whether the deed purports to convey such easement; and this brings us to the consideration of the office of the *habendum*. It is thus explained by GILCHRIST, C. J., in *Brown* v. *Manter*, 21 N. H. 533 : "The technical meaning of the *premises* in a deed is all that precedes the *habendum*. Shep. Touch. 75 ; Co. Lit. 6, 7 ; *Sumner* v. *Williams*, 8 Mass. 174. This is a simple, but a perfectly accurate definition. The office of the *habendum* is not to grant the estate, but only to limit its certainty—Co. Lit. 6 a, *Buckler's case*, 2 Co. 55, *Earl of Shrewsbury's case*, 9 Co. 47 b, Com. Dig., Tait, (E. 9) ; but the *habendum* cannot enlarge the premises. Com. Dig., Tait, (E. 10). Nothing can be limited in the *habendum* of a deed which has not been given in the premises, because, the premises being that part of a deed in which the thing is granted, it follows that the *habendum*, which is only used for the purpose of limiting the certainty of the estate, cannot increase the gift, for in that case the grantee would in fact take a thing which was never given to him. 4 Cruise's Dig., tit. 32, ch. 20, sec. 73. But if a thing is comprehended in the premises, and has another name in the *habendum*, the *habendum* is good—*ib.*, sec. 74; and it is held in *Manning* v. *Smith*, 6 Conn. 289, that the *habendum* never extends the subject-matter of the grant."

To the same effect is the language of SEDGWICK, J., in *Sumner* v. *Williams*, 8 Mass. 174. The defendants as administrators, under license, had sold and conveyed the equity of redemption in certain lands, and it was so described in the deed. The *habendum* was to have and to hold " the same," covenanting in their capacity that they were lawfully seized of " the premises; " that they would warrant and defend " the same," &c., and that " they " were free and clear, &c. In the suit for breach of the covenants, it was contended by the plaintiff that the words " same " and " premises," in the *habendum* and covenants, referred to the *land* described, and not to the *equity of redemption*. Judge SEDGWICK said,—" The technical meaning of the word *premises* in a deed of conveyance is everything which precedes the *habendum*. * * The office of an *habendum* is to name the grantee, and limit the certainty of the estate in the subject of the grant. * * The word *same* used in the *habendum*, and the words *premises* and *same* used in

the covenants, all mean the same thing, viz., the subject of the grant. * * There can be no possible motive that the *habendum* should mean the land. It would not in that case execute its proper use, which is to limit the certainty of the estate in the thing granted. * * If this *habendum* is construed to refer to the land, it will be wholly inoperative. An *habendum* cannot operate as a grant or conveyance."

In *Barker* v. *Clark*, 4 N. H. 380, Moses Clark, being seized of three closes, A, B, and C, each adjoining the other, was accustomed to pass from A to B by a way through C. He conveyed the closes A and B to Levi Clark the defendant, and close C to Barker the plaintiff. Levi Clark claimed that the way from A to B through C passed to him as appurtenant to A and B, and persisted in passing over the way. Barker brought trespass *quare clausum*. RICHARDSON, C. J., in delivering the opinion of the court, said,—"There is no doubt that when one man has a right of way through the close of another, which right of way is appurtenant to his land, a grant of his land with its appurtenances will pass the right of way. * * It seems to be well settled that by the word appurtenances, existing easements alone can pass. * * But the word appurtenances is clearly not sufficient for the purpose of granting a right of way through the *locus in quo*."

*Coolidge* v. *Hagar*, 43 Vt. 9, was a conveyance of a house and lot by warranty deed. The premises were supplied with water by an aqueduct running through the land granted, from a spring belonging to and on other land of the grantor. It was held that the grant conveyed the water as it was then running, with a right to the spring and aqueduct sufficient for its continuance, as an appurtenance to the house and lot. No allusion was made to the spring and aqueduct in the deed; but this was because the spring was upon other land of the grantor.

In *Swazey* v. *Brooks*, 34 Vt. 451, it was held that the word " appurtenance in the *habendum* of a deed, when none are specified, will not be construed to convey anything except what was legally appurtenant to the land in the hands of the grantor, and therefore will not be extended so as to convey an easement in the land of another, which, by reason of not having ripened into a legal right, had not become legally attached to the premises conveyed, unless accompanied by proper words describing it, and showing the intention of the grantor to pass it." That case is an authority directly in point.

In accordance with the law as settled in the above cases, it must be held that the deed of Abbot does not convey the right to take water from Howley's land by an aqueduct.

It is an elementary principle, that whoever grants a thing is supposed tacitly to grant that without which the grant itself would be of no effect—Broom's Maxims 362; but this applies only to such things as are incident to the grant, and directly necessary for the enjoyment of the thing granted. *Ib.* 366. It is implied that the grantor is the owner of such incidents as are directly necessary to the enjoyment of the grant, and has it in his power to convey them. If they are not his to convey, they cannot of course pass as incident to the grant.

The right to the use of this aqueduct is not either indispensable or necessary to the enjoyment of the premises conveyed, and the grant does not become ineffectual nor useless without it. It may be a great convenience to have it, and a great inconvenience to be deprived of it; but that can have no legal effect upon the construction of this deed. *Johnson* v. *Jordan*, 2 Met. 234.

CUSHING, C. J. In the case of *Seavey* v. *Jones*, 43 N. H. 441, the court, while holding that under the terms " privileges and appurtenances " all the rights and easements incident to the land as situated on one side of a river, and also all the rights and easements which had been acquired by prescription or grant, passed, refused to permit the plaintiff to show that the defendant at the time of the purchase was actually using the whole water of the stream, and claiming a right so to do. This seems to limit the doctrine in regard to easements existing and apparently in use at the time of the sale to such as the owner could rightfully convey, and excludes from the covenant of warranty those easements and privileges connected with the property to which the grantor had not acquired any right.

On the authority of this case, as well as on general principles, I hold that the right to use the water was not included in the covenant of the defendant.

LADD, J. The action is upon the deed for a breach of the covenants therein, and not case for deceit in representing the spring and aqueduct to be appurtenant to the premises conveyed when they were not. If the aqueduct and stream of water running therein had in any way been annexed to the land conveyed so as to constitute a legal appurtenance thereof, they of course passed by the deed under that description, as against the owner of the land on which the spring is situated and everybody else, and there has been no breach of the covenants. If they had not in any way become a legal appurtenance of the premises, then the deed does not purport to convey them, and of course a diversion of the water by the owner of the land on which the spring is situated would constitute no breach. I think the action cannot be maintained on the facts stated.

*Case discharged.*