## Case No. 12,391.

### SAWIN et al. v. GUILD.

[1 Gall. 485; [1] 1 Robb. Pat. Cas. 47.]

Circuit Court, D. Massachusetts. Oct., 1813.

PATENTS — INFRINGEMENT — SALE BY SHERIFF UNDER EXECUTION.

The sale of the materials of a patented machine, by a sheriff, on an execution against the owner, is not such a sale as subjects the sheriff to an action for an infringement of the patent-right, under the patent act of the 17th of April, 1800, c. 25 [2 Stat. 37].

[Cited in Byam v. Bullard, Case No. 2,262; Woodworth v. Curtis, Id. 18,013. Cited in brief in Morse v. Davis, Id. 9,855. Cited in Wortendyke v. White, Id. 18,050; Wilder v. Kent, 15 Fed. 218; Steam Stone-Cutter Co. v. Sheldons, 21 Fed. 876.]
[Cited in Rodgers v. Torrant, 43 Mich. 114, 4 N. W. 508.]

[This was an action by John P. Sawin and another against John Guild.]

Mr. Fairbanks, for plaintiffs.
W. D. Sohier and D. Davis, for defendant.

STORY, Circuit Justice. This is an action on the case for the infringement of a patent-right of the plaintiffs, obtained in February, 1811, for a machine for cutting brad nails. From the statement of facts agreed by the parties, it appears that the defendant is a deputy sheriff of the county of Norfolk, and having an execution in his hands against the plaintiffs for the sum of $567.27 debt and costs, by virtue of his office, seized and sold, on said execution, the materials of three of said patented machines, which were at the time complete and fit for operation, and belonged to the plaintiffs. The purchaser, at the sheriff's sale, has not, at any time since, put either of the said machines in operation; and the whole infringement of the patent consists in the seizure and sale by the defendant as aforesaid. The question submitted to the court is, whether the complete materials, of which a patented machine is composed, can, while such machine is in operation by the legal owner, be seized and sold on an execution against him.

The plaintiffs contend, that it cannot be so seized and sold, and they rely on the language of the third section of the act of the 17th of April, 1800, c. 25, which declares that if "any person, without the consent of the patentee, his or her executors, &c., first obtained in writing, shall make, devise, use, or sell the thing, whereof the exclusive right is secured to the said patentee, such person, so offending, shall forfeit," &c.

It is a sound rule of law, that every statute is to have a reasonable construction; and its language is not to be interpreted so as to introduce public mischiefs, or manifest incongruities, unless the conclusion be unavoidable. If the plaintiffs are right in their construction of the section above stated, it is

[1] [Reported by John Gallison, Esq.]

practicable for a party to lock up his whole property, however great, from the grasp of his creditors, by investing it in profitable patented machines. This would undoubtedly be a great public mischief, and against the whole policy of the law, as to the levy of personal property in execution. And upon the same construction, this consequence would follow, that every part of the materials of the machine might, when separated, be seized in execution, and yet the whole could not be, when united; for the exemption from seizure is claimed, only when the whole is combined and in actual operation under the patent.

We should not incline to adopt such a construction, unless we could give no other reasonable meaning to the statute. By the laws of Massachusetts, property like this is not exempted from seizure in execution; and an officer who neglected to seize, would expose himself to an action for damages, unless some statute of the United States should contain a clear exception. No such express exception can be found; and it is inferred to exist only by supposing, that the officer would, by the sale, make himself a wrong-doer, within the clause of the statute above recited. But within the very words of that clause, it would be no offence to seize the machine in execution. Hesse v. Stevenson, 3 Bos. & P. 565 (s. p.) The whole offence must consist in a sale. It would therefore follow, that the officer might lawfully seize; and if so, it would be somewhat strange, if he could not proceed to do those acts, which alone by law could make his seizure effectual.

This court has already had occasion to consider the clause in question, and upon mature deliberation, it has held that the making of a patented machine to be an offence within the purview of it, must be the making with an intent to use for profit, and not for the mere purpose of philosophical experiment, or to ascertain the verity and exactness of the specification. Whittemore v. Cutter [Case No. 17,600]. In other words, that the making must be with an intent to infringe the patent-right, and deprive the owner of the lawful rewards of his discovery.

In the present case, we think that a sale of a patented machine, within the prohibitions of the same clause, must be a sale not of the materials of a machine, either separate or combined, but of a complete machine, with the right, express or implied, of using the same in the manner secured by the patent. It must be a tortious sale, not for the purpose merely of depriving the owner of the materials, but of the use and benefit of his patent. There is no pretence, in the case before us, that the officer had either sold or guaranteed a right to use the machine in the manner pointed out in the patent-right. He sold the materials as such, to be applied by the purchaser as he should by law have a right to apply them. The purchaser must therefore act on his own peril, but in no respect can the officer be responsible for his conduct.

Conformably to the agreement of the parties, a nonsuit must be entered.