High Court of Errors and Appeals. June 13, 1829.

*Ridgely's Notebook V, 556.*

JOSEPH VANNINI, ARCHIBALD McINTYRE, and JOHN B. YATES v. PAINE, BURGESS, JAMES MONAGHAN, JAMES KELTON, and the PRESIDENT AND MANAGERS OF THE GAP AND NEWPORT TURNPIKE COMPANY.

Court of Chancery. New Castle. July 16, 1829.

*Ridgely's Notebook V, 582.*

*Mr. Latimer,* solicitor for Paine and Burgess, reads the bill and answer. 2 Ves. & Bea. 101, *Bliss v. Boscawen,* the plaintiff having obtained an injunction amends the bill and added another party; the injunction is gone, unless it is sustained by the terms of the order expressing that it is to be without prejudice to the injunction. 3 Ves. & Bea. 144. Eden Inj. 120. It is now well understood that an injunction drops of course upon the plaintiff's (2 Sch. & Lef. 515) amending the bill (2 Ves. & Bea. 102).

*Mr. Rogers* for complainants. The counsel contends that by amendment of the bill the injunction is dissolved. [This is not so] when the amendment relates to the equity of the bill and not to the addition of new names, which dissolves the injunction according to Eden. 2 Ves. & Bea. 101.

*Mr. Read* for defendants. When a bill is amended without a reservation or without prejudice, the injunction is dissolved. . . .

July 17, 1829.

THE CHANCELLOR. According to the practice in England, I think that this injunction should be dissolved; and not merely because such is the practice in England, but because this Court is required by the Act of Assembly, 1 Del.Laws 130, 131, to observe as near as may be the rules and practice of the High Court of Chancery in Great Britain. And further, because in this instance that practice is reasonable and proper.

This injunction was awarded about June 24th last, on the affidavit and petition of the complainants, or of some of them, in vacation, without notice of the application to the defendants. The bill was filed, in term time, on the 9th of this month; the answer of Paine and Burgess came in on the 13th; and on the 15th, on the motion of the complainants' counsel, leave was given to amend the bill by making John Janvier, Jr., Alexander McCally, Patrick McConnauhy, John H. Connor and Ashubury H. Pennington, trustees or managers of the Trep School, parties defendants. Paine and Burgess claim the right, in their answer, of drawing a lottery, among other reasons, in virtue of a contract made by them with these additional defendants, as managers of the Trep School. Now, it may happen that that contract may be materially affected by this injunction; and as they were not parties, and the injunction was not designed to affect these managers in any form, they ought not to be restrained by it, being thus brought into this cause, and they being entire strangers to this suit at the time the injunction was awarded, and they now being implicated by it. Had there been a motion to amend the bill, without prejudice to the injunction, we probably should have heard something about these additional parties, and how they might be affected by it; but as the matter was not mentioned, nor agitated, and leave to amend was given, without any reservation of the injunction, it must be dissolved.

And now, to wit, July 17, 1829, the counsel for the complainants having moved the Court that an injunction be issued against the defendants in this cause as prayed for in the affidavit and in the bill of complaint filed, it is ordered by THE CHANCELLOR that

the said motion be heard on Saturday morning next, at ten o'clock; the solicitors and counsel for said defendants taking notice of said motion at bar.

### Saturday, July 18.

*Mr. Black* for complainants. Two grounds for complaint. One, violation of patent. Second, that it interferes with Yates and McIntyre in their contracts with Newark College and Immanuel Church. The patent said to be unlawful, because it promotes lotteries against immorality; but here the legislature have allowed it, that is lotteries, and they are the judges of morality. The defendants object to jurisdiction of this state. The state may grant patents. Serg.Const. 315, this power is concurrent. 9 Johns. 581, the states may exercise the power concurrently with the United States. 5 U. S. Laws 268, that courts of the states and courts of United States have a concurrent jurisdiction. If party sues for treble damages, according to Act of Congress, party must sue in courts of United States. But when the suit is generally, courts of several states have jurisdiction. 5 Cranch 61, and 51, suits under charter of United States to old Bank must be brought in state courts. 12 Wheat. 121, marshal's bonds may be sued in a state court. We apply to court of equity. A statute may be protected in state court of equity. The right may be protected. It attaches and may be protected in state, on principles of common law. None but a state court has jurisdiction. Unless they are citizens of different states, and one is citizen of the state in which suit is brought, United States courts have not jurisdiction. 5 U. S. Laws 268, to the above point. 1 Mas. 520, Serg.Const. 190 supports this point. Fess.Pat. 393 to 402, the Patent Acts. Last Act. Coxe Dig. 433, circuit court has no jurisdiction in copyright when parties are both citizens of same state. 4 Burr. 2409, in doubtful case court will grant injunction right be tried. 9 Johns. 569, 587, where right given by statute and forfeiture, still injunction will be granted in such cases.

Another ground, that Yates and McIntyre have made contracts with institutions in this state, under which they have rights secured to draw lotteries. Defendants admit the drawing by them will injure Yates and McIntyre. Have they then a right to do this act? 5 Del.Laws 278, Newark Lottery, fifth section, they may sell the lottery. 6 Del.Laws 537, the Supplement to the Middle Town Act, they have authority to sell. 6 Del.Laws 74, Immanuel Church Act. 6 Del.Laws 34, 35, the Trep School cannot sell, authority special. No bond appears to have been given. The Trep School are to raise only six hundred dollars.

Paine and Burgess, their scheme is to raise at fifteen per cent between seven and eight thousand dollars. Paine and Burgess only interested. They will raise at fifteen per cent, $7,699.50.[1]

*Mr. Black,* for complainants, reads Serg.Const. 267, 268, that state courts have concurrent jurisdiction. 5 Wheat. 25, 26.

*Mr. Latimer* for defendants. As to the validity of the patent: s. 8, Art. I, Constitution of the United States gives authority to Congress. 2 U. S. Laws 348, Patent Law. 3 U. S. Laws 342, Supplementary Act. 7 Johns. 144, the state courts [have] no jurisdiction. 6 U. S. Laws 369. 2 C.L.R. 424. The old plan and the improvements are not shown in the patent. It should be, 1 Pet. 342. 2 C.L.R. 354, the improvement should be pointed out, and the difference from the old. Fess.Pat. 145, the specification should distinguish what is new and what is old. Fess.Pat. 169 or 159. 3 Wheat. 476. The specification does not give a description of the specification as to the improvement. A combination of numbers was long in use. This is not a discovery in any art, or science, or manufacture, but in mere speculation; [a] scheme of no use. 1 Wheat. 341, it must be in an useful act or purpose. 2 H.Bl. 482, 485, 495, no patent for mere principle. 8 Term 95, patent cannot be granted for principle only. No form, nor machinery, nor art improved. 3 Wheat. appendix 23, see this book. 7 Johns. 144, that state courts have no jurisdiction.

*Mr. Read* for defendants. As to jurisdiction, dispute between Vannini and defendants only as to patent. Art. I, s. 8, 2 U. S. Laws 89, the first legislation of Congress to promote useful arts; but Congress established no tribunal in which the patentee could assert his rights. 3 U. S. Laws 348. The right and remedy grow out of the Constitution and laws of the United States. In the year 1819 Congress vested same power in equity as at common law. 6 U. S. Laws 369 is the Act to vest this equity in circuit court. Coxe Dig. 430. 1 Pet. 431, as to citizens of same state, neither of this state, suing in equity in circuit court of United States. Coxe Dig. 133 cited in 467. Serg.Const. 104, 105.

### Monday, July 20.

*Mr. Read.* The action for infringement of patent is not local but is transitory, and may be sued in Delaware between citizens of different [states,] none being a citizen of this state. Kent Comm. 304, jurisdiction depended on character of the cause, as well as on character of the parties. Where the subject matter is

---

[1] At this point, *Ridgely's Notebook V, 584,* the account of this case is interrupted; it is resumed at *589.*

given to these courts, they have jurisdiction. 1 Gall. 485, objections on the bill; they must show a patent right. We say it is not an original invention; this appears by the specification attached to the bill. Permutation and combination was well known in France. He reduces the number of tickets, which is an improvement upon an old mode. Rees' Encyclopedia, title "Lottery." 3 Wheat. 518, *Evans v. Eton,* improvement must be shown distinctly in what it consists. There is no statement in what the improvement consists. Whether a mode of drawing a lottery is within the purview of the patent laws. This mode of drawing is not useful, nor is it any art, nor science. Art must be tangible, physical, something of matter. It is the application of scientific principles to matter to serve purpose useful to science. 2 H.Bl. 482.

*Mr. Booth* for complainants. Whether this is the subject of a patent right. The bill and the patent correspond, both, that is, an improved mode of drawing lotteries. Vannini's plan is new—and neither I, nor any of the gentlemen on the other side, can demonstrate it. It corrects all the frauds in drawing lotteries. (See 3 Wheat. Appendix.) The other side are enabled by the specification to improve upon the old plan. This shows that the specification is in the clear and distinct terms required by law. The British laws of patents apply to manufactures. Patent could be sustained under the word "art." "Art" is the doing which is not derived from nature or instinct. It is a principle or method [which] when applied to lotteries produces beneficial, practical results. It is no argument against lotteries that they may produce gambling. They are tolerated by Act of Assembly. Canals finished by lotteries; religious institutions promoted by lotteries. ([*Quaere.*]) Both parties claim a right for drawing lotteries from grants by the state, but do the patent laws apply utility to lotteries?) The invention should be useful as applied to the subject for which it is used, as to quack medicines. No denial in the answer that Vannini is the original inventor of *this* plan; but that he was not the inventor of *a* plan, the answer is evasive as to this. And so as to bonds required by law. As to the jurisdiction of this Court, have the courts of the United States exclusive jurisdiction? 9 Wheat. 144.

*Mr. Rogers* takes up the argument upon the jurisdiction of the Court. In considering the jurisdiction, the Court may consider and decide on the Constitution and any Act of the United States. Defendants, in answer, admit and say they will draw a series of lotteries, see the answer. Yates and McIntyre are contractors with two institutions under the laws of this state, Newark, and

Immanuel Church lotteries, and are about to [be] injured by these defendants drawing their lottery. Yates and McIntyre have no remedy but by the interposition of this State. The trustees of the Trep School are personally entitled to draw the lottery. It could not be delegated to other persons. The law has granted no power to sell the Trep lottery. If they had power to sell, they could not sell for three hundred dollars. They were to raise six hundred [dollars] to build an academy at the Trep, yet they say it was to be drawn for persons out of the state. Sixth section, each trustee was to enter into bond; no bond has been given. They were bound to show that they had right to draw the lottery, therefore they should show the bond. The Gap and Newport Turnpike Company, there the managers were to be bound personally. We claim the interposition of the Court, because we have a right to draw lottery; they have no right, and are acting against law to injure us.

Jurisdiction. The case of 7 Johns. is urged against us. It is a case decided on the very question, but is no authority. It does not bind us. Certain powers granted to United States, and yet there is a concurrent authority. Patents are not exclusive to the United States. Kent Com. A grant of power to United States does not necessarily imply a prohibition to the states. Is there not a jurisdiction in the state courts? The United States have a jurisdiction given to them. Can the state courts exercise a jurisdiction given to them by Congress? They cannot unless the state court has a right under [the] Constitution of United States. There are cases in court matters where the state courts may exercise jurisdiction on rights given by United States. State courts have concurrent jurisdiction. 14 Johns. 95, Bank of United States (the old bank) prosecuted suits in state court. Act of 1819, last Patent Act, the counsel say, is exclusive of state courts, but not so. They refer to 7 Johns.; 5 Wheat. 26 [is] at variance with 7 Johns., *Houston v. Morre*. If Congress choose to give United States courts exclusive jurisdiction they may do so; yet in every case in which state tribunals are not excluded, the state courts may take cognizance of such cases. Patent Law, suits between citizens of different, and suits between citizens of this state and of another state. 1 Gall. 485 does not sustain the counsel. 1 Kent Com. 306. [1] Kent Com. 285 says the Act of 1789 has been wisely drawn and with great legal knowledge. Suit must be brought by citizens of different states, one being a citizen of the state in which the suit is brought. This Act is unrepealed. Coxe Dig. 433, pl. 286, 37, 38, 39. Copyright Law 1790, as court had jurisdiction till 1779 in case of copyright.

## July 21.

THE CHANCELLOR. It is not possible for me, in the short time which this case has afforded, to examine all the arguments of the counsel, and especially all the authorities which have been read and commented on, and to reduce to writing the reasons which influence me in the decision I am about to make. The case is not without its difficulties; it has been ably and elaborately argued, and to the counsel I feel much indebted for the earnestness, diligence and learning with which they have discussed the subject, and although the arguments have not enabled me to commit to paper the result of this investigation, yet they have enabled me to come to a satisfactory conclusion. At some future day, should I be spared a little while, it shall be my business to prepare in a more lasting and accurate form, the opinion which I have formed, that the grounds of it may be known should anybody have the curiosity to inquire.

I am of opinion, and so direct, that a writ of injunction should be awarded.