BARNES v. MORGAN.

*Patent right — can be reached by supplementary proceedings.*

A patent right can be reached by proceedings supplementary to execution, and the court can, if necessary, direct an assignment thereof by the judgment debtor to the receiver appointed in such proceedings.

APPEAL by defendant from order at special term, directing the defendant to deliver to a receiver appointed under supplementary proceedings, certain letters patent and models appertaining thereto.

The proceedings were instituted on a judgment recovered by Gilbert W. Barnes against William F. Morgan. The only point involved was whether a patent right could be reached by these proceedings.

*George H. Hart* and *Lucien Birdseye,* for appellant, cited Code, §§ 292, 297, 298, 462, 463, 464 ; *Gillett* v. *Fairchild,* 4 Denio, 80 ; 2 Kent's Com. 351 ; *Bank of Commerce* v. *R. & W. R. R. Co.,* 10 How. 9 ; *Millar* v. *Taylor,* 4 Burr. 2303; *Stephens* v. *Cady,* 14 How. (U. S.) 528 ; *Stevens* v. *Gladding,* 17 id. 447.

*Wm. H. Van Cott,* for respondent.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

BRADY, J. The act of congress of July 4, 1836, section 11, provides that every patent shall be assignable either as to the whole interest or any individual part, by an instrument in writing, and the thing to be assigned is not the mere parchment on which the grant is written, but the monopoly which the grant confers — the right of property which it creates. Per TANEY, C. J., in *Gayler* v. *Wilder,* 10 How. (U. S.) 477. See, also, *Railroad Co.* v. *Trimble,* 10 Wall. 367.

An assignment vests in the assignee an interest in the patent indefeasible by the act of the patentee so that the patentee cannot by act of surrender of his patent affect the rights of an assignee to whom he has previously granted the whole or part of the patent, without the consent of such assignee. Curtis on Patents, § 292, and cases cited. The interest in a patent may also be assigned by operation of law in case of the bankruptcy of the patentee. *Hesse* v. *Stevenson,* 3 Bos. & Pul. 565 ; Curtis on Patents, § 189 ; Hindmarch on Patents, 238 ; *Bloxam* v. *Elsee,* 6 B. & C. 169.

Lord ALVANLEY, C. J., in *Hesse* v. *Stevenson,* in reference to the proposition that an invention was an idea or, as he termed it, a scheme in a man's head which could not be reached by process of law, said, " But if an inventor avail himself of his knowledge and skill and thereby acquire a beneficial interest which may be the subject of assignment, I cannot frame to myself an

argument why that interest should not pass in the same manner as any other property acquired by personal industry." In *Stephens* v. *Cady*, 14 How. (U. S.) 531, Justice NELSON said in relation to the incorporeal right secured by the statute to the author to multiply copies of a map by the use of a plate, that though, from its intangible character, it was not the subject of seizure or sale at common law, it could be reached by a creditor's bill and be applied to the payment of the author's debts the same as stock was reached and applied, the court compelling a transfer and sale of the stock for the benefit of creditors. It is said by the learned counsel for the appellant here that this was *dictum* only, but the cases referred to sustain the proposition. The Court of Chancery had the power to assist a judgment creditor to discover and apply equitable assets and property of the debtor not liable to execution where the remedy at law was exhausted and was insufficient for the purpose. The subject is discussed elaborately in *Hadden* v. *Spader*, 20 Johns, 554, cited by Justice NELSON; and the doctrine is reiterated in subsequent cases. *Storm* v. *Waddell*, 2 Sandf. Ch. 494; *Brown* v. *Nichols*, 42 N. Y. 26; *Lynch* v. *Johnson*, 48 id. 27.

If the courts should declare a patent right exempt from appropriation, it would, as suggested in *Sawin* v. *Guild*, 1 Gallison, 485, be practicable for a party to lock up his whole property, however great, from the grasp of his creditors, by investing it in profitable patented machines, and thus defeat the administration of justice. If the use of such a monopoly, which such a grant confers, is not sufficiently productive in the hands of the inventor to pay his debts, the privilege bestowed being a right of property, as declared by Chief Justice TANEY, should be transferred to the person designated by law and sold for the benefit of the creditor. It would be a marvelous if not unjust perpetuation of the ideal, if the inventor, having obtained a patent, thus divulging his secret and at the same time acquiring a property in it for practical purposes, should be permitted to hold it unused against his creditors until, either by compromise or the lapse of time, his obligations should be discharged, and this, too, although it might be one which, by assignment, or upon manufacture of the thing invented, would readily yield enough to pay all existing liabilities.

If the right of property can be reached by a creditor's bill it seems to be settled that the same result may be accomplished by

proceedings supplementary under the Code which furnish a substitute for that chancery proceeding. *Lynch* v. *Johnson, supra.* The personal property passes to the receiver without assignment. Code, § 298; *Bostwick* v. *Menck,* 40 N. Y. 383; *Chautauque Co. Bank* v. *Risley,* 19 N. Y. 369; but if an assignment be necessary, the power resides in the court to direct it to be made.

The order should be affirmed, with $10 costs and disbursements.

*Order affirmed.*