## Case No. 10,994.

PERRIGO et al. v. SPAULDING.

[13 Blatchf. 389; 2 Ban. & A. 348; 12 O. G. 352.] [1]

Circuit Court, N. D. New York. June 7, 1876.

PATENTS—AGREEMENT—THIRD PARTIES — EFFECT OF DECREE.

1. In a suit in equity on a patent for a machine, brought by B. against W., B. obtained a decree that W. had infringed, by making and selling machines, and ordering that W. account to B., both for the damages B. had sustained and for the profits W. had made, by the infringement, and fixing the amount of such damages and profits and directing the mode of payment. The amount was paid. Among the machines embraced in such suit, and covered by such decree, was one which W. had sold to S. After the decree was made, B. made an agreement with P., which was claimed by P. to affect the rights of S. in respect to such machine, and P., as owner of the patent, sued S., in equity, for an infringement by continuing to use the machine, and applied for an injunction to restrain such use: Held, that the application must be refused.

[Cited in Booth v. Seevers, Case No. 1,648a; Kelley v. Ypsilanti Dress-Stay Manuf'g Co., 44 Fed. 21.]

2. The agreement between B. and P. could not affect the rights of S.

3. S., by means of the decree and its payment, acquired the right to use the machine until it should be incapable of further use.

[Cited in Booth v. Seevers, Case No. 1,648a; Steam Stone Cutter Co. v. Sheldons, 21 Fed. 878; Kelley v. Ypsilanti Dress-Stay Manuf'g Co., 44 Fed. 21.]

4. The rules stated, as to when a recovery by a patentee against an infringer, and its payment, will carry a right, and when it will not.

[Quoted in Allis v. Stowell, 16 Fed. 786.]
[Cited in Porter v. Standard Measuring Mach. Co., 142 Mass. 195, 7 N. E. 928.]

[This was a motion for an injunction against the defendant on a bill in equity under letters patent granted to one Birdsall, to enjoin the use of an infringing machine. Prior to this the patentee Birdsall had sued the makers and vendors of the defendant's machine and recovered from them their gains and profits for all machines made and sold by them, among which was the defendant's machine. The complainants having acquired a territorial right from Birdsall now attempt to enjoin the use of the defendant's machine.] [2]

W. W. Hare, for plaintiffs.

Edgar P. Glass, for defendant.

JOHNSON, Circuit Judge. The rights of the defendant became fixed at the date of the decree in the suit between Birdsall and Wickson & Van Wickle, the vendors to Spaulding of the machine the use of which is sought in this suit to be enjoined. That decree was made in January, 1875. Its force

1 [Reported by Hon. Samuel Blatchford, District Judge, and by Hubert A. Banning, Esq., and Henry Arden, Esq., and here compiled and reprinted by permission.]
2 [From 12 O. G. 352.]

and effect, as between the parties and their privies, could not be affected by a subsequent agreement between the plaintiff in that suit, Birdsall, and the plaintiffs in the present suit. Their agreement bore date in September, 1875. It attempted to engraft a clause contained in it upon an earlier agreement between them, which bore date in September, 1874. This it was competent for them to do, so far as their own rights were concerned; but the previously existing rights of third persons could not be thus affected. The decree against Spaulding's vendors must be looked to, in order to determine whether its effect was to authorize the use by Spaulding of the patented machine which he had purchased of them, until it should be incapable of further use. There is no question that the machine now owned by the defendant Spaulding was one of those for the making and selling of which Wickson & Van Wickle were sued by Birdsall, and for which he claimed to recover both profits and damages; nor that it was embraced in the decree in that suit; nor that the decree has been fully satisfied, in respect to the damages and profits awarded. The question is, therefore, what effect is to be given to the decree. By its terms, it adjudges that the defendants Wickson & Van Wickle have infringed the patents owned by Birdsall, by making and vending the machines manufactured by them, and orders that they account to the plaintiff both for the damages sustained by him and the profits made by them, in consequence of such infringement. It then declares that the amount of such damages and profits is adjudged to be the sum of one thousand dollars, and directs the mode of payment.

It seems to be well established, that, when a patentee gets his remuneration by patent or license fees, a recovery of the license or patent fee from an infringer, and its payment, authorizes him to use the particular articles for which such recovery has been had. On the other hand, when a patentee chooses to use his invention himself, and find his remuneration in the sale of the products of its use, and to prevent others from using his invention, it is his right, and then a recovery for profits and damages will be limited to the profits and damages up to the time of the recovery. Such a recovery will not carry with it any right to the further use by the infringer, of the invention. Suffolk Manuf'g Co. v. Hayden, 3 Wall. [70 U. S.] 315; Spaulding v. Page [Case No. 13,219]. But, where the patentee sells his patented instrument or machine for use by others, finding his remuneration in the profit of the sale of the manufactured machine or instrument, it is obvious that his interest is promoted by increasing the sale, and that into his profit enters the value of the patented invention over and above the cost of manufacture and the ordinary fair profit of the manufacture. Even if no patent or license fee is fixed, the value thereof, as a profit, enters into the

selling price, and, if not capable of exact ascertainment, may, nevertheless, be approximated to by estimation, when necessary. When the patentee sells, he receives this profit, and thus obtains full compensation for the article sold and for the right to use it while it lasts. When, for an infringement, he obtains both the profits and damages, he will be presumed to have obtained a full compensation for all the injury he has sustained, and to be placed in as good a position as if he had made and sold the article himself. Such is, I think the presumption between parties thus situated, and, if any different rule is sought to be applied in any particular case, it should appear that a recovery has not been sought or obtained for the whole gains of the manufacture as well as for all the damages sustained. Spaulding v. Page, before cited; Gilbert & B. Manuf'g Co. v. Bussing [Case No. 5,416]. When a patentee manufactures and sells his patented article for use, the right to use passes by the sale. If an infringer manufactures and sells, he must account for and pay the profits, which are to be calculated upon the principle that the gain by the appropriation of the patentee's invention is their measure. If there are damages sustained and proved by the plaintiff, beyond the profits made by the infringer, these also may be recovered. But, when a full recovery and satisfaction from one party has been had, the patentee has obtained all that the law gives him, and the particular article or machine, if it be a machine, becomes, in effect, licensed by the patentee, and may be used so long as it lasts, free from any further claim by the patentee.

The motion for an injunction must be denied.