STEAMSHIP CO. (BARNES v.). See Case No. 1,021.

STEAMSHIP CO. (BAZIN v.). See Case No. 1,152.

### Case No. 13,334.

STEAM STONE CUTTER CO. v. SHORT-SLEEVES.

[16 Blatchf. 381; 4 Ban. & A. 364.] [1]

Circuit Court, D. Vermont. June 7, 1879.

PATENTS—LICENSE TO MAKE AND USE.

W., the patentee of inventions in steam stone cutting machines, granted to a corporation "the

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, reprinted in 4 Ban. & A. 364, and here republished by permission.]

right to use said patented machine, or any number of said machines," in its quarry at S. C. succeeded to the rights of W., and another corporation to the rights of the corporation grantee in the quarry. D. was making a machine embodying the patented inventions, for the new corporation, for use in said quarry, and C. sought to enjoin D. from making such machine: *Held*, that the grant conveyed the right to make machines for said use, including the right to procure them to be made, and covered the making of them by the person procured to make them.

[Cited in Illingworth v. Spaulding, 43 Fed. 831.]

[Cited in Porter v. Standard Measuring Machine Co., 142 Mass. 194, 7 N. E. 927.]

[This was a bill in equity by the Steam Stone Cutter Company against David Shortsleeves for the infringement of letters patent No. 40,584, granted to J. G. Wardwell November 10, 1863; reissued October 10, 1865, Nos. 2,087 and 2,088.]

Aldace F. Walker, for plaintiff.
Wheelock G. Veazey, for defendant.

WHEELER, District Judge. This cause has been heard on the motion of the plaintiff for a preliminary injunction. The material facts appearing from the bill, answer and affidavits, on which the case is now presented, are, that George J. Wardwell, the patentee of inventions in steam stone cutting machines, granted to the Sutherland Falls Marble Co., a corporation, "the right to use said patented machine, or any number of said machines," "in their quarry at Sutherland Falls." The plaintiff has since succeeded to the rights of Wardwell, and another corporation, by the same name, to the rights of the Sutherland Falls Marble Co., in the quarry, and, for the purposes of this motion now, in the patents, although a doubt is suggested about how that may ultimately appear. The defendant is a machinist, and is making a machine embodying the patented inventions, for the new corporation, at his shop, for their use in that quarry. This making is what is sought to be restrained.

It is a maxim of the common law, that any one granting a thing impliedly grants that also without which the thing expressly granted cannot be had; or, as expressed more pertinently to the precise question here, by Twysden, J., in Pomfret v. Ricroft, 1 Saund. 321, "when the use of a thing is granted, everything is granted by which the grantee may have and enjoy such use." Liford's Case, 11 Coke, 52a; Lord Darcy v. Askwith, Hob. 234; Howton v. Frearson, 8 Term R. 50; Nichols v. Luce, 24 Pick. 102; Coolidge v. Hager, 43 Vt. 9; 2 Washb. Real Prop. 622; Broom, Leg. Max. 362; Branch, Max. 32. The foundation of it is the presumed intention of the grantor to make the grant effectual. Howton v. Frearson, 8 Term R. 50; Nichols v. Luce, 24 Pick. 102; Tracy v. Atherton, 35 Vt. 52. And it is as applicable to grants of rights under patents, whether assignments or mere licenses, as to any other

subject, where the true intent is sought for. Curt. Pat. § 214. This grant by Wardwell would not pass anything at all, unless the grantee could, in some way, procure the machines. It is suggested, in argument, that the intention was that they should be procured of the patentee, or from a manufacturer under him. But no grant of any right to use such machine would be necessary. The sale of it would carry the right. And, as said by Lord Kenyon, in Howton v. Frearson, when he made the grant, it must be taken that he intended to confer some beneficial interest; and, if it carried no right but to use machines procured from or under the patentee, none would be conferred.

As this grant is now viewed, the right to make machines for the use expressly granted passed, and this would include the right to procure them to be made, and cover the making them by the one procured to make them. This is in accordance with the decision in Steam Cutter Co. v. Sheldon [Case No. 13.331]. The grant there was of the right to use the invention to the extent of one machine, and, under certain circumstances, to the extent of others, at the quarries specified. It is argued, that there is a material difference between the two expressions; but no such difference is apparent. The patented inventions are the subjects of the grants, and they would pass to the same extent, whether included in machines embodying them, without being otherwise mentioned, or mentioned to the extent of the machines, without otherwise mentioning the machines. The motion is denied.

[For other cases involving this patent, see Cases Nos. 13,335 and 13,336.]