### ALEXANDER RODGERS v. JOHN TORRANT.

*Construction of agreement to pay royalty*

A machine may be sold independently of the patent right; and if sold or taken on execution a purchaser does not acquire a right to use it under the patent.

The assignee of a patent right agreed to pay the patentee a certain sum "for each and every one of said machines sold or caused to be sold by him." *Held* that this covered any transfer by him of the mere right to use the machine, and any "settlements" made with persons who were using machines of the kind.

Error to Muskegon. Submitted Jan. 23. Decided Feb. 11.

ASSUMPSIT on contract. Defendant brings error.

*C. C. Chamberlain* for plaintiff in error.

*Smith, Nims, Hoyt & Erwin* for defendant in error. A settlement by the assignee of a patent with an infringer is equivalent to a sale, 1 Chitty Cont.. 215–21; 1 Pars. Cont. 49–53; *Spaulding v. Page* 1 Sawyer 702; *Bloomer v. Millinger* 1 Wal. 350; *Howell v. Pack* 7 East 164; *Ferguson v. Carrington* 9 B. & C. 509; Story's Eq. Jur. § 250.

Graves, J. Esau Torrant patented an implement for turning saw-logs, and subsequently assigned the right to Rodgers, who in consideration thereof, agreed to pay $40 "for each and every one of said machines sold or caused to be sold" by him. Some time later the patentee, Esau Torrant, transferred to John Torrant, the defendant in error, all his right and interest in the patent and in the obligation of Rodgers for the payment of royalty. Rodgers, discovering that several parties were using the same kind of machine or machines within the scope of his patent, without being entitled, and without any right, proceeded to settle with them for a consideration and allowed them to continue.

The defendant in error brought this action to recover the royalty of $40 for each of such cases, and the circuit judge allowed the jury to return a verdict therefor. Complaint is made that these settlements are not within the agreement to pay $40 on the sale of each machine, and do not support the claim based on that undertaking. In case a machine is sold, it is said, the vendee not only gets the property right to use, but gets the property in the machine also, whereas upon a settlement as here, nothing is disposed of but the right to use, and that Rodgers only bound himself to pay royalty in those instances where the machines should be transferred as well as the privilege of use.

The court is of opinion that this view does not satisfy the sense or harmonize with the essence of the obligation. The law makes a distinction between the machine—that is, between the arranged and connected materials which constitute the thing completed for business—and the patent right. The former may be sold without the latter, and if of any appreciable value in itself may be seized and sold on execution, and no right will result to the purchaser to use it under the patent. *Sawin v. Guild* 1 Gall. 485.

There was no agreement that the machines on which there should be a royalty must be of Rodgers' manufac-

ture. He need not make any at all, and the right to royalty was not made to depend on his selling. It was provided to attach upon such sales as he might cause, and it would not be impossible to cause machines to be sold without the privilege of using them under the patent right. But the parties could not have contemplated a royalty when the privilege under the patent should be withheld. Being vested with the patent, Rodgers could grant the privilege to any purchaser of a machine, and it was the valuable right of use on the transfer of which a royalty was to be paid, and not on the barren fact of having caused an arranged bundle of materials to be conveyed.

Were the construction of plaintiff in error to be adopted, and the right to royalty from him be denied except in case of actual sales of machines by him, or by his procurement, it would lead to singular results. He could always defeat his obligation to pay royalty by the simple course of leaving it to third persons, without arrangement for the purpose, to go on and sell the machines, whilst he should sell and convey separately the right of use for each machine under the patent. No such interpretation was intended.

Now it appeared conclusively before the jury, and by the testimony given by the plaintiff in error, that by means of the settlements he effected he transferred sufficient separate right of use covered by the patent, to give, in royalties, the sum found by the jury, and it is not at all material that the machines used in some of these cases differed in size, shape or construction from the machines made by Rodgers. The right of use covered by the patent was involved, and was granted or assured, and that is enough.

The view taken is considered by the court as disposing of every point worthy of particular notice, and it leads to an affirmance of the judgment with costs.

The other Justices concurred.