## STEAM STONE-CUTTER Co. v. SHELDONS and another.

*(Circuit Court, D. Vermont. October 7, 1884.)*

**1. PATENTS FOR INVENTIONS—DAMAGES FOR INFRINGEMENT—PROFITS OF SALES—PROFITS DERIVED FROM USE.**

When a patentee, in an action against an infringer who manufactured and sold for use his invention, has had a decree for the profits of such sales, and such decree has been satisfied, he cannot recover, in an action against the party to whom the patent was sold, the profits derived by him from the use thereof.

**2. SAME—SALE OF PATENTED ARTICLE—TITLE OF VENDEE.**

The recovery of the profits of the sale of a patented article for use, in an action against the vendor, vests the title to the use in the purchaser of the article.

**3. SAME—PRACTICE—INTERLOCUTORY DECREE—FINAL DECREE.**

Although there has been an interlocutory decree for plaintiff, when it is shown, on the master's report, that he is not entitled to recover, a final decree for defendants may be entered.

In Equity. Exceptions to master's report.

*Aldace F. Walker* and *John W. Stewart*, for orator.

*Edward J. Phelps* and *Walter C. Dunton*, for defendants.

WHEELER, J. The master's report shows that the Windsor Manufacturing Company made and sold for use to the defendants five channeling machines for cutting out marble from quarries, which were infringements upon the orator's patents; that the orator has had a decree against the Windsor Manufacturing Company for the profits of these sales; that the decree has been satisfied in part by the payment of money, and as to the residue by levy on real estate,

the title acquired by which is in litigation, but has so far been decided in favor of the orator; and that the defendants have derived profits from the use of the machines to the amount of $5,320.03, for which they should account to the orator, if liable to account at all for such profits. Various questions bearing upon the correctness of this account are raised by exceptions to the report. The principal question is as to the right of the orator to recover these profits at all after having recovered profits for the sales.

The decrees for the accounts in each case were made under the act of 1836. The exclusive right conferred by patents always has been to make, use, and sell for use, the patented invention. In the act of 1790 the words were, "the sole and exclusive right and liberty of making, constructing, using, and vending to others to be used, the said invention or discovery." Chapter 7, § 1, (1 St. at Large, 109.) In the act of 1793 the words were the same. Chapter 11, § 1, (1 St. at Large, 318.) In the act of 1836 the words were changed to, "the full and exclusive right and liberty of making, using, and vending to others to be used, the said invention or discovery." Chapter 357, § 5, (5 St. at Large, 117.) In 1870 the words were again changed to, "the exclusive right to make, use, and vend the invention or discovery." Chapter 230, § 22, (16 St. at Large, 201; Rev. St. § 4884.) The effect of these expressions obviously is and was intended to be the same throughout, and is to give an exclusive right to make, use, and sell for use. In the act of 1790 an action was given for devising, making, constructing, using, employing, or vending patented articles without consent of the owners of the patent in writing. Section 4. In the act of 1793, § 5, the expression was changed to give an action for making, devising, and using or selling. The words were again changed in the act of 1800, § 3, to make, devise, use, or sell. By the act of 1836 the owners of patents were left to their actions at law, with the power of the court to increase the damages, and to their right to proceed in equity, where equitable relief was necessary, for infringements, without any words in the statutes to express what should be an infringement or what actions might be sustained for. Sections 14, 15, 17; *Root* v. *Railway Co.* 105 U. S. 189. The exclusive right was left to be, to make, use, and sell to others for use.

The mere sale of the materials of a machine, complete and fit for operation, would not be an infringement of the patent on the machine, unless the sale was for use. *Sawin* v. *Guild*, 1 Gall. 485; *Whittimore* v. *Cutter*, Id. 480. When the orator recovered the profits of an infringement by the making and selling of these machines, it must have been a recovery for a sale for use, for such a sale only could be recovered for. The sale, apart from the use, would not be distinguishable as an infringement. The recovery was as for a tort consisting of the selling and using under the sale. The jurisdiction of the court of equity over the case rested upon the necessity for equitable relief in granting an injunction. Having jurisdiction, the

court retained the case and took an account of the profits of the defendant there, and decreed them to the orator, in order to do justice as far as possible by administering full relief. These principles are fully and elaborately explained, and set at rest for the courts of the United States, in *Root* v. *Railway Co.* Perhaps, in an action for damages, the orator might have recovered more than the amount of the profits; but, if so, the recovery would have been for the same thing at a higher rate of damages. The orator elected to take the profits as the measure of the recovery. Another recovery for the same thing could not be had against that defendant, neither could it any more be had against any other joint tort-feasor. Undoubtedly, an action at law or a bill in equity, during the life of the patent, could be maintained against those defendants for their use of the machines, apart from the sale, if there had been no recovery for the sale and use; and so an action might, doubtless, have been maintained against both the Windsor Manufacturing Company and the defendants for the use of the machines by the defendants, without reference to the profits of the sales. The defendants here would be liable because they infringed directly by the use; the Windsor Manufacturing Company would be liable because, by the sale, it authorized and promoted the use. They were joint tort-feasors as to the use. One of them has made satisfaction, and but one satisfaction can be had. Had the orator proceeded for the profits of the use none could have been recovered of the Windsor Manufacturing Company, for none were made out of the use by that company. *Elizabeth* v. *Pavement Co.* 97 U. S. 126. From those defendants they could recover the full profits of the use, as is sought to be done now. The defendants here might have been joined in a suit against infringement by the sale to them, but they could not be held for the profits of the sale, for they made none out of that. The orator could not in any mode recover both for the profits of the sale for use and the profits of the use. Each was a trespass upon the orator's exclusive rights, but not a separate and distinct trespass. A recovery for one would include a recovery for a part, at least, of the other, so that a recovery could be had for either, but not for both. The orator, having had a recovery for one, cannot now have another for the other. *Chamberlin* v. *Murphy*, 41 Vt. 110.

It is said that the plaintiff has not obtained full satisfaction. But the execution for the enforcement of the decree against the Windsor Manufacturing Company has been returned satisfied, and has not been revived as not actually satisfied. In trespass *quare clausum* the defendant pleaded that the plaintiff distrained his hog *damage feasant* for the same trespass. The plaintiff replied that the hog escaped without his consent, and he was not satisfied. On demurrer, it was held that the action would not lie. Salk. 242; Buller, N. P. 84. Satisfaction need not be in money. The taking of the body of a defendant may be a full satisfaction, and yet yield no money. The return of the execution as satisfied is plenary evidence of its satisfaction

while it stands. *Magniac* v. *Thomson*, 15 How. 281; Bac. Abr. "Execution," D.

There is another view of this question which has been touched upon formerly in this case, and that is that the recovery of the profits of the sale for use vested the title to the use in the purchaser of the machines. *Stone-cutter Co.* v. *Sheldons*, 15 FED. REP. 608. It was upon this ground that the recovery of the profits against the Windsor Manufacturing Company was based. *Stone-cutter Co.* v. *Windsor Manuf'g Co.* 17 Blatchf. 24. This view is supported by several decided cases, (*Perrigo* v. *Spaulding*, 13 Blatchf. 389; *Spaulding* v. *Page*, 1 Sawy. 702; *Allis* v. *Stowell*, 15 FED. REP. 242;) and it is not inconsistent with *Blake* v. *Greenwood Cemetery*, 16 FED. REP. 676. There, merely nominal damages had been recovered against a manufacturer of the infringing machine, with an injunction. The defendant purchased the machine, and set up the former recovery as a bar to a recovery for the infringement by its use by him. This was held to be no bar, because there had been no recovery for this use, or for the profits or damages on a sale for use. Where an owner of a patent has compensation for the sale of a specific machine embodying the invention, that machine is forever freed from the monopoly. *Bloomer* v. *Millinger*, 1 Wall. 340. A compensation by recovery in an action for the same thing should have the same effect.

Although there has been an interlocutory decree for the orator, still, as upon the master's report the orator is not entitled to recover, a final decree for the defendants is proper. *Fourniquet* v. *Perkins*, 16 How. 82; *American Diamond Drill Co.* v. *Sullivan Machine Co.* 21 FED. REP. 74. The interlocutory decree is understood to have been entered by consent, without hearing, and some other proceedings have been had which may affect questions of costs, and those questions are left open.

Let there be a decree dismissing the bill.