CYRUS H. PORTER *vs.* STANDARD MEASURING MACHINE COMPANY.

Suffolk. March 2. — July 1, 1886. W. ALLEN & HOLMES, JJ., absent.

A. and B. executed an agreement, which provided that, in consideration of an assignment to B. by C. of all right, title, and interest in a certain invention and the letters patent previously assigned to C. by A., B., in part payment therefor, would pay to A. a certain sum " on each and every machine manufactured by said B., his agents, successors, or assigns, and containing said patented improvements or either of them," within a stated time after making returns to A. of the number of machines manufactured by B. or his agents. *Held,* that A. was entitled to the royalty named in the agreement upon machines bought of a person who was adjudged, in a suit by B., to have infringed the letters patent owned by B. in manufacturing the machines, and for the use of which in the future B. received payment from the persons so buying them.

CONTRACT. Trial in the Superior Court, without a jury, before *Rockwell*, J., who, upon the defendant's motion, ruled that the plaintiff could not recover upon the facts alleged in his declaration; and the plaintiff alleged exceptions, which appear in the opinion.

*W. A. Macleod & M. F. Stevens*, for the plaintiff.

*T. L. Wakefield*, for the defendant.

DEVENS, J. We interpret the exceptions, as the parties have done at the argument, as raising the question whether the plaintiff can recover upon the facts stated in the declaration, the court having ruled that he could not.

The declaration sets forth an agreement, by which, in consideration of an assignment to the defendant by one Tapley of all

right, title, and interest in a certain invention in surface measuring machines and the letters patent previously assigned to Tapley by the plaintiff, the defendant, in part payment therefor, would pay to the plaintiff "the sum of ten dollars on each and every machine manufactured by said company, its agents, successors, or assigns, and containing said patented improvements or either of them." The defendant further agrees to keep regular accounts of the machines manufactured by it, its agents, successors, or assigns, to make regular returns thereof every three months to the plaintiff, and, within ten days after such returns, to pay the plaintiff his royalty.

The declaration further avers, that, in a suit brought by the defendant against one Teague and others in the Circuit Court of the United States, it was adjudged that such parties had manufactured and sold machines which infringed the letters patent owned by the defendant; that, by virtue of such adjudication, the defendant "had been enabled to control the machines manufactured by Teague and others;" that, by means of the rights thus adjudged to belong to it, the defendant had effected a settlement with many persons who had purchased such infringing machines, and had given them thereafter the right to use such machines as fully and completely as if they had originally purchased them from the defendant; and that, although the defendant received pay for such machines prior to the date of its last accounting, it refused, on demand, to account for such machines, the use of which it had thus sanctioned or permitted, or to pay the plaintiff any royalty thereon.

The defendant was, by the agreement thus set forth, the owner of the patent. It had a right to bring the action against Teague and others for the infringement, and, while the contract imposed no duty on the defendant thus to defend and protect the patent, if it saw fit to do so at its sole risk and expense, it would be entitled exclusively to the proceeds of the suit, as the injury was done to the property which it alone owned. The fact that, if such property could not be protected, the defendant would not be likely to continue to manufacture, however important to the plaintiff, would not entitle him, in the absence of any contract to that effect, to bring the suit, or share in the damages obtained by the defendant for injury to the patent.

But the plaintiff does not, as we construe his declaration, seek any portion of the damages that may have been collected of Teague and others, if any have been collected, which does not very distinctly appear. Nor apparently does he seek any which may have been received from the users of the infringing patented article, who were the vendees of Teague, for any use made by them previously to suit brought against, or settlement made with them. His claim is, that, when the defendant sanctions and permits an article to be thereafter used which would otherwise be an infringement of the patent, the defendant adopts the manufacturer of it as its agent. If this contention is correct, it is not important that the declaration does not set forth in terms that, by its acts, the defendant had recognized or made of the manufacturers of the machines thus licensed its agents. There was no demurrer to the declaration, and the ruling of the court was not upon the form of it, but upon the facts there alleged, however they might be set forth.

The phrase " manufactured by said company, its agents, successors, or assigns," should be construed so as to cover, not merely the case where a previous authority to manufacture was given, but also that which exists when, the article having been manufactured without previous authority, the owner of the patent, for a valuable consideration, adopts it, consenting to its use, and confers upon it all the privileges of the patent. The manufacture, an act originally unauthorized, is thus ratified and affirmed. The party entitled to the royalty should receive it, as all the benefit of his monopoly has been granted by the owner of the patent, who holds it on the agreement to pay such royalty on each article manufactured by himself or his authority.

In *Wilder* v. *Adams*, 16 Gray, 478, where a royalty was to be paid by the defendants for each safe manufactured and sold by them, it is said by Mr. Justice Hoar, " If a person had tortiously taken a manufactured safe from the defendants, and an action were brought, and the value of the safe recovered by them, this would certainly be equivalent to a sale, and certainly ought to subject them to the payment which they had contracted to make to the patentee in case of a sale." In a similar way, when the defendant, in the case at bar, permits articles made in violation of the patent to be used as if made under it, and receives

compensation therefor, he should be liable to the royalty contracted to be paid by him in case of manufacture. Thenceforth such machines are, by the power vested in the defendant to control the patent, and the authority it exercises in sanctioning their use, to be treated as manufactured under the patent, and not in hostility to it. The clause, "manufactured by said company, its agents, successors, or assigns," must have a reasonable construction, so as to protect the plaintiff whenever the defendant exercises its rights under the monopoly transferred to it. The sale of a patented article conveys by implication the right to use, or vend it to others to be used. An authority to manufacture a patented article conveys impliedly the right to use it, or vend it to others to be used. *Marsh* v. *Dodge*, 66 N. Y. 533. *Sizer* v. *Ray*, 87 N. Y. 220. *Steam Stone Cutter Co.* v. *Shortsleeves*, 16 Blatchf. 381. *Thomas* v. *Hunt*, 17 C. B. (N. S.) 183. Conversely, a promise to pay a royalty on every machine manufactured by one to whom the invention and the patent are transferred, or his agents, &c., implies a promise to pay it whenever, by his authority, such manufacture is justified.

It is the contention of the defendant, that, if actual damages were collected of the user of an infringing machine, it would to that extent reduce the amount for which the maker and seller would be liable; and that the collection of full damages from the maker and seller of infringing machines for the term of the patent authorizes the use of the infringing machine during the life of the patent. Hence the defendant argues that the collection from such users is only another way of collecting the damages for the infringement of Teague and others, who were the makers of the infringing machines, and would give the same right to the user as would any settlement with him. But the defendant had no right to collect damages from Teague and others, the makers of the infringing machines, or from the user thereof, in such manner or to such an extent as would invest the party infringing with a right to continue the use of the machine. As between the defendant and the owner of the royalty, the defendant, as owner of the patent, was entitled to receive compensation for the injury done thereto; but when, either by express license, or by receiving compensation therefor, he grants and sanctions the subsequent use of the infringing machine, he has, as between

himself and the owner of the royalty, treated it as manufactured by his agent.   That which the absolute owner of a patent may recover, in an action against an infringer, whether maker, seller, or user, depends upon the question whether he intends to grant the right subsequently to use the infringing machine.   The consequences of a recovery, with respect to the subsequent rights of parties, are modified by the measure of damages sought and adopted.   If the patentee has an established patent fee or royalty, for which he permits any one to use his patent, and he recovers this, the right to use his invention would pass.   If, on the other hand, he seeks only the profits derived from the use of the patent, or compensation for the injury done to him up to the time of suit by its use, the right to its continued use would not pass.   In the case at bar, a recovery against the users of the machine for the profits made by them, or for the injury done to the defendant as owner of the patent, would only be for the use of the machine up to the time of recovery.   It would not cover the value of the use for the entire period over which the patent right extends, or for the period during which the particular machine was capable of being used.   If the defendant undertook to recover these, to that extent he would recover, not for the injury done to the patent, or himself as owner of it, but compensation for a use which he himself had authorized.   *Sickels* v. *Borden*, 3 Blatchf. 535, 543.   *Perrigo* v. *Spaulding*, 13 Blatchf. 389. *Steam Stone Cutter Co.* v. *Windsor Manuf. Co.* 17 Blatchf. 24. *Spaulding* v. *Page*, 1 Sawyer, 702.   *Stutz* v. *Armstrong*, 25 Fed. Rep. 147.

Where the defendant has, for a compensation, permitted the use of otherwise infringing machines, we are of opinion that the plaintiff may require him to account for the royalty thereon, as on machines manufactured by himself or agents.

*Exceptions sustained.*