WESTINGHOUSE ELECTRIC & MFG. CO. v. STANLEY ELECTRIC
MFG. CO. et al.

(Circuit Court, S. D. New York. January 2, 1903.)

1. PATENTS—SUIT FOR INFRINGEMENT—DISTRICT OF SUIT.
    Defendant corporation was organized under the laws of New Jersey, and its manufacturing plant and general offices were in Massachusetts. It maintained an office in New York City, where orders were taken for goods, which were forwarded to the general office, and, if accepted, the goods were there delivered on board cars for shipment to the purchaser. *Held*, that a suit for infringement of a patent by machines so made and sold by defendant through its New York office, and shipped to the purchasers in New York City for use there, could be maintained in the Southern District of New York, under Act March 3, 1897, 29 Stat. 695, c. 395 [U. S. Comp. St. 1901, p. 589], giving jurisdiction of such suits

in a district where defendant shall have committed acts of infringement and have a regular and established place of business.

In Equity. Suit for infringement of patent. On pleas raising the question of jurisdiction.

On motion for preliminary injunction, see 116 Fed. 641.

Thomas B. Kerr and Frederic H. Betts, for plaintiff.
William H. Kenyon, for defendants.

WHEELER, District Judge. The circuit courts have jurisdiction of suits for infringement of patents in the district of which the defendant is an inhabitant or "shall have committed acts of infringement and have a regular and established place of business." 29 Stat. 695, c. 395, 1 U. S. Comp. St. 1901, p. 589. This suit is brought for infringement of patents for electric motors.

The defendant corporation is of New Jersey, and the individual of New York. The former by plea denies having a place of business, and infringement, in this district; and the latter of being any officer or more than a salaried employé of the former. The pleas have been traversed and proofs taken, and the cause has been heard upon these issues.

The factory and company offices are at Pittsfield, in the district of Massachusetts; and the corporation has a business office in New York, of which the individual defendant has charge, through which negotiations are had and orders are given for motors, which are finally passed upon at the offices in Pittsfield, and the machines are delivered free on board cars at that place for transportation to purchasers. Some motors alleged to infringe were so sold, delivered, and forwarded to purchasers at, who used them in, New York in this district. The question is whether these transactions with infringing devices constitute acts of infringement in this district.

The monopoly is of making, selling, and using, and it is said, in argument for the defendants, that the making and selling were complete in the other district, and that they did not use in this district. It is true that the making was there, and the sale as to the title to the body of the machines may have been perfected there, but as to the right to use, which the defendants could not sell, it was not consummated there, and could not be by them anywhere. The sales made would carry with them the well-known warranty of full title implied in all sales, and guaranty the right to use for all purposes anywhere, that belongs to full ownership. This use by the purchasers was as well authorized by the defendants as if the right had been expressly inserted in a bill of sale, or given in any other manner, and the authority would follow the machines in the hands of purchasers wherever they should go. Those forwarded to the purchasers in New York under the attempted sales of the right to use carried with them direct although not rightful authority from the defendant corporation as seller to use them there. A recovery for the infringement on account of these sales would include profits or damages, or both, upon the sales as sales for use, with the right to use. Steam Stone Cutter Co. v. Sheldon, 22 Blatchf. 484, 21 Fed.

875. The negotiations for these sales were originated here through the individual defendant; and such sales for infringing use here appear to be acts of infringement here by both.

These issues must therefore be found for the plaintiff. Pleas overruled, defendants to answer over by February rule day.