## PHEBE MIXER *v.* HENRY REED.

*Ejectment.　The grantee of a well of water owns the land, &c.*

Where K. owned the land and a well in it, and when he conveyed the land, reserv
ed two-thirds of the well, and afterwards conveyed the said two-thirds to R., and
R. also purchased the remaining third and took a deed of the same, and the
said well was conveyed by the terms "spring or well of water," *it was held*, that
R. owned the land, and that it included *ex vi termini* not only the orifice which
reached down to the water, but the whole opening in the earth, before it was
stoned, and the stone laid into the wall, and the water therein.

And it was also held that R. would be justified in making any erection not more
extensive than the entire wall, and that to that extent he is seized in fee, with
the right of way to and from the well.

EJECTMENT, to recover the possession of the back door yard or court to a certain tenement situate in Brattleboro.   Plea, the general issue, and trial by jury.

On trial, the plaintiff introduced testimony tending to prove that she was in possession of the premises, and that the defendant had erected over a well in said yard, a shed about eight feet square, and rested.

The defendant then introduced testimony, to sustain the issue on his part, and offered in evidence a deed from John H. King to Alonzo Blodgett, dated March 3, 1836, conveying to said Blodgett the premises in question, excepting and reserving two-thirds of the well on the same ; also a deed from said King to defendant, dated May 9, 1839, conveying to defendant the two-thirds of said well so reserved in the last mentioned deed ; also a deed from the plaintiff to the defendant, dated July 16, 1849, conveying to defendant the remaining one-third of said well.

The defendant also introduced testimony tending to prove an entry on the premises, for the use and enjoyment of the said well, under the said deeds ; and that said well, when purchased and conveyed to defendant, was covered with a building, used partly as a wood shed, and partly as a covering for said well; and that about two years since, and before the erection of the shed complained of, the plaintiff removed the wood shed, and left the said well uncovered, and that soon after, defendant erected the shed in question as a covering for the said well.

That said shed, so erected, did not cover so much land as the well itself, including the stoning, and that the stoning extended beyond the shed so erected by defendant, and that said shed was not larger than was necessary to protect the defendant while drawing water therefrom, and to give him the exclusive use thereof.

The defendant requested the court to charge the jury,

1. That the said deeds not only conveyed the well, but also the land under it ; and if they were satisfied that the shed in question covered no more land than the well, they should find for defendant.

2. That if they were satisfied that the shed was no larger than was necessary to give the defendant exclusive use of the said well, then they should find for the defendant.

3. That if they should find that said shed was no larger than was necessary to give the defendant the convenient and reasonable use of the well, then they should find for defendant.

The court declined so to charge the jury, except as hereinafter stated, and instructed them that by the said deeds the defendant had a right to enter, pass and re-pass over the land of the plaintiff, for the purpose of procuring water from said well, and to make all necessary repairs to the well; and had a right to the exclusive use of the water in the well, and to erect and keep a suitable and convenient curb over the well, for the purpose of protection, and drawing and taking water from the same; but had no right to the exclusive occupancy of any other part of the premises; and that if the jury should find that the defendant had, at the commencement of this suit, exclusive possession of any other part of the premises described, their verdict should be for the plaintiff, otherwise for the defendant.

To the charge, and refusal to charge, as requested, the defendant excepted.

*E. Kirkland* for defendant.

We contend that the court below erred, in not charging as requested; because

1. The deeds from King to Blodgett, and from King and the plaintiff to the defendant, conveyed not only the water of the well, or spring, but the soil under it. Co. Litt. 1 Chap. 1 Sec. 1, 46, 50 and 56. 2 Cruise Dig. p. 333 u. *Chesbier* v. *Shutesbury*, 7 Met. 566. *Allen* v. *Scott*, 21 Pick. 25. *Jackson* v. *Vermilyea*, 6 Cow. 677.

2. That we had a right to erect such a building over the well, as would give us not only the exclusive use of the water, and keep others from using it, but also sufficient to protect the well from any thing being done to render the water therein unfit for use; and whether we had done any thing more than this, was a question of fact, we had a right to have the jury decide. 2 Cruise Dig. p 333 u.

3. The charge is erroneous, as all that it concedes to us is a mere easement, when to two-thirds of the well the plaintiff never had any title, and the remaining one-third she had conveyed to us. *Allen* v. *Scott*, 21 Pick. 25. *Jackson* v. *Vermilyea*, 6 Cowen 677.

*J. D. Bradley* for plaintiff.

1. The soil does not pass as appurtenant even to land. *Leonard* v. *White*, 7 Mass. 6.

· 2. Nor does it pass by grant of any incorporeal right, such as that of *way, water, pasturage,* or the like. Co. L. 4 b. *Bullen* v. *Runnels,* 2 N. H. 258.

3. But in using that class of words which in themselves *signify* land, such as " castle," " house," " farm," &c., the soil does pass. So of " boulierie." Co. Lit. 5 a.

4. So in more modern times (in Mass.) a " *brick factory.*"

So in using the class of words denoting a *mixture* of *land with water*, or with wood, as "*grange*," a house or edifice—a " pool," a "forest." Ib. See too Com. Dig. 447.

But in a "*well or spring of water*," the grantor and *especially* the grantee, do not intend that mud shall pass.

5. The charge requested, suppressed the ingredient of *exclusive* possession by defendant, of *land,* as an element of division.

The opinion of the court was delivered by

REDFIELD, CH. J. The principal question in this case is, whether the defendant owned the land in which the well was, or only the right to use the water. John H. King, before his deed to Blodgett, seems to have owned the land and well. In that deed, he reserved it by the terms " two-thirds of the well, on the above described premises, in common" with the grantee. This he conveys to defendant, by the terms " spring or well, situate," &c. These terms all evidently mean the same thing, so that we can gather very little, properly, from any supposed difference between " well" and " well of water." One might conclude, perhaps, that a well possibly might import land rather more distinctly, than " a well of water;" for we use the expression a " dry well," which is probably as much of a solecism as a dry spring. The question, after all, returns, whether a well imports the land in which it is dug and erected. We think it does, as much as *stagnum*, which is usually rendered pool, which is nothing more than a large spring, or standing water, or·as *gurges,* which is ordinarily rendered a whirlpool, or a deep spring, or pool, as it is translated in the notes to Coke, Lib. 1, Chap. 1, § 1.

And this writer, and all the writers on this subject, regard these words as conveying the land, covered with water.

The well included, *ex vi termini,* not only the orifice which reached down to the water, but the whole opening in the earth, before it was stoned, and the stone, and the stone laid into the wall,

and the water therein. And this, we think, must be regarded as the thing intended to be conveyed, and not the water merely, which only imports the right to use the water, and by which term, nothing passes but the easement, or right to take the water.

This being so, the defendant would be justified in making any erection not more extensive than the entire wall; and beyond that, he could not probably justify making erections, as his deed covers no more; but to this extent, he is seized in fee, with the right of way to and from, and the right probably to use the adjoining lands to repair the well, when necessary. But probably not to make permanent erections thereon.

As the case was not tried upon any such view of the law, it must go back, for a new trial.

Judgment reversed, and case remanded.